HOWELL *vs.* RIPLEY and others.

HOLFORD *vs.* SPAFFORD and wife.

Where a junior mortgagee filed his bill for the foreclosure of the equity of redemption of the mortgaged premises, subject to the lien of the prior mortgage, and obtained the appointment of a receiver of the rents and profits of the premises ; and afterwards the prior mortgagee filed his bill of foreclosure, and obtained an order appointing the same person as receiver in his suit who had been appointed in the previous suit ; *Held* that the prior mortgagee was only entitled to the rents and profits due at the time of the appointment of the receiver in his suit, and to such as accrued thereafter ; and that the junior mortgagee was entitled to all the rents and profits received by such receiver prior to the appointment of the receiver in the suit of the prior mortgagee.

A mortgagee has no specific lien upon the rents and profits of the mortgaged premises which accrued and were collected before he attempted to assert a claim to such rents and profits. Nor has he any legal or equitable right to compel a junior mortgagee in possession, or an owner of the equity of redemption who is not personally liable to pay the prior mortgage, to refund any part of the rents and profits which were received by such junior mortgagee, or owner, before such prior mortgagee attempted to acquire a specific lien upon the rents and profits of the mortgaged premises by the appointment of a receiver.

It is not the practice of the court of chancery to appoint two separate receivers of the same property, in different suits ; but the proper course is to extend the receivership in the first suit over the second, subject to the legal and equitable claims of all parties. And the rights of the parties in each suit are substantially the same as if different persons had been appointed at the several times when such receivership was granted, and extended.

When a receiver is appointed in a suit he is appointed for the benefit of such

1843.

Howell
v.
Ripley.

of the parties in the suit as it shall afterwards appear were entitled to the fund in controversy; but not for the benefit of strangers to the suit.

If a receivership interferes with the rights of a stranger, such rights, on the application of the latter to the court, will be protected against any inequitable interference of the receiver.

January 23.        THIS was an appeal from a decision of the vice chancellor of the first circuit, relative to the disposition of the rents and profits of mortgaged premises in the hands of a receiver. The premises, a house and lot in the city of New-York, were in the first place mortgaged to M. Bailey, for $5000 and interest; they were afterwards mortgaged by Ripley and wife, the then owners of the equity of redemption, to Jackson, who assigned his mortgage to Howell, the complainant in the first suit. Ripley and wife then conveyed the equity of redemption in the premises to Spafford, who again mortgaged them to Holford, the complainant in the second of the above entitled suits, for a little less than four thousand dollars.

In May, 1841, Holford filed a bill to foreclose his mortgage, subject to the lien of the prior mortgages, and therefore only made Spafford and wife parties to his bill. He obtained an injunction restraining the owner of the equity of redemption from receiving the rents of the mortgaged premises. And on the 12th of October of the same year he procured the appointment of a receiver in his suit, to collect the rents and profits of the mortgaged premises, who subsequently collected the rent. The usual decree was obtained in that suit; and on the 12th of November the master offered the premises for sale under such decree, but no person would bid upon them subject to the incumbrance of the two prior mortgages.

In June, 1841, Howell filed a bill to foreclose his mortgage, subject to the lien of the first mortgage, the holder of which was not made a party; and by inadvertence he neglected to make Holford, the third mortgagee, a party to his suit. But the day after the attempt to sell under the decree which had been made in Holford's suit, Howell amended his bill by making Holford a party, as a junior mortgagee; and on the 10th of January, 1842, an order

was entered in Howell's suit appointing the same person as receiver of the rents and profits of the mortgaged premises who had been appointed in Holford's suit. Two or three weeks afterwards the mortgaged premises were sold under Howell's decree, and did not bring enough to pay his debt and costs, by nearly $1000.

Upon an application to the vice chancellor he decided that the complainant in the first of these causes was entitled to the rents and profits in the hands of the receiver, as well those collected before he was appointed the receiver in the suit of Howell, as those which were collected afterwards; deducting therefrom the taxable costs of appointing the receiver. Holford appealed from this decision, claiming that he was entitled to the rents and profits collected by the receiver in his suit previous to the 10th of January, 1842, when the receivership was extended to Howell's suit.

*C. G. Havens*, for the appellant. Holford is entitled to the rents collected by the receiver previous to the appointment of the receiver in Howell's suit. A mortgagee of the realty has no lien or claim on the rents until a receiver is appointed. (*Bank of Ogdensburgh* v. *Arnold and others*, 5 *Paige*, 38.) Rents can only be reached by the mortgagee, in equity, by showing the insufficiency of the security, and having a receiver appointed. Until the appointment of a receiver the mortgagor himself, or any creditor or assignee may collect the rent. And the appointment of a receiver cannot operate retrospectively; it cannot affect rent previously collected by a receiver appointed in a suit on another mortgage. Holford is entitled to the rent collected by the receiver in his suit, before his appointment in Howell's suit by reason of his diligence. He obtained a preference as to such rent by reason of his superior activity.

*M. M. Davidson*, for the respondent. A mortgagee in a foreclosure suit is entitled to a receiver of the rents of the mortgaged premises pending the suit, where the premises are an inadequate security for the mortgage debt, and

where the mortgagor is irresponsible, (8 *Paige,* 505.) Howell's mortgage is a prior incumbrance as well upon the rents as upon the realty, and is entitled to be first paid. Holford has only a lien on the surplus remaining after payment of all prior incumbrances. His equity extends no farther than this ; the mortgaged premises and the rents arising therefrom form an equitable fund, which is to be distributed among all the incumbrancers, according to their respective priorities.

THE CHANCELLOR. I think the vice chancellor erred in supposing that the respondent was entitled to any part of the rents of the premises which became due and were actually collected by the receiver in Holford's suit previous to the 10th of January. When a receiver is appointed in a suit he is appointed for the benefit of such of the parties in that suit as it shall afterwards appear were entitled to the fund in controversy ; but not for the benefit of strangers to the suit. If the receivership interferes with the right of a stranger, he may apply to the court to be heard *pro interesse suo ;* and his rights will be protected against any inequitable interference therewith by the officer of the court. But the appointment of a receiver does not give to a mere stranger to the suit the benefit of the proceedings in that cause, so as to authorize him to claim that which he would not have been entitled to if such receiver had never been appointed. Here, the appellant, as he had a perfect right to do as a junior mortgagee of the equity of redemption, filed his bill against his mortgagor only, without making the holders of either of the prior mortgages parties, to obtain a foreclosure and a sale of the equity of redemption which had been mortgaged to him ; and also secure the benefit of the rents and profits of the mortgaged premises until the prior mortgagees should think proper to assert their rights to the possession of the property, and the rents and profits thereof, under their mortgages.

What then were the rights of Howell, as against the receiver in Holford's suit, previous to the 10th of January,

1842 ? His right was this, if the owner of the equity of redemption was willing to relinquish the possession to him, as a prior incumbrancer, so that he might collect the rents and profits thereafter to be received, and the receivership in Holford's suit interfered with his right to take such possession, the court, upon a proper application and notice to Holford and the receiver, would have ordered the latter to let him into possession, or to hold the rents and profits which should thereafter be received subject to his equitable claim thereon as prior mortgagee. But as he would not have been entitled to recover the back rents and profits which such owner had previously received, neither could he claim those which had been intercepted from coming to the owner of the equity of redemption by the appointment of a receiver; and which had passed into the hands of such receiver for the benefit of the complainant in the suit in which he had been appointed, before Howell had attempted to exercise his right to the possession of the property or to receive the rents and profits. In other words, the rights of Howell and of Holford would in that case have been substantially the same as if the latter had himself taken possession of the mortgaged premises as a junior mortgagee, and had received the rents and profits up to that time, and Howell had then for the first time applied for a receiver of the rents and profits of the mortgaged premises. Such prior mortgagee would unquestionably, upon showing that the mortgaged premises were insufficient to pay his debt and costs, be entitled to a specific lien upon the rents and profits thereafter to be received, to satisfy the deficiency. But he would have no legal or equitable right to call upon the junior mortgagee in possession, or an owner of the equity of redemption who was not bound to pay such prior mortgage, to refund any part of the rents and profits which had been received by them, or either of them, before he attempted to get a specific lien upon the rents and profits of the premises by the appointment of a receiver.

Although, for convenience, it is not the practice of the

court to appoint two separate receivers of the same property, in different suits, but to extend the receivership in the first suit over the second subject to the legal and equitable claims of all parties, the rights of the parties in each suit are substantially the same as if different persons had been appointed receivers at the several times when such receivership was granted and extended.

In the case under consideration, the rents received prior to the 10th of January were a subject of controversy in Holford's suit only, and between him and Spafford, the owner of the equity of redemption, who had been substantially ousted of the possession, in favor of Holford, by virtue of the receivership in his suit. And if Howell had not gotten the receivership afterwards extented to his suit, or another receiver appointed, it is very evident he could not have claimed a specific lien upon the rents and profits which had been collected before he attempted to assert a claim to them. And if another receiver had been appointed, in Howell's suit, on the 10th of January, 1842, all the right that the complainant in such suit could have claimed, in behalf of such receiver, would have been that the receiver in the former suit should deliver up to him the possession of the premises immediately; so as to enable him to receive and collect the rents then due from the tenants, or which should thereafter become due, and to hold them subject to the rights of the respondent in the suit in which he had then made the junior mortgagee a party.

The order appealed from must therefore be reversed with costs. The receiver must be directed to pay to the solicitors of Holford the rents and profits received by him while he was receiver in that suit only, after deducting his expenses, disbursements and commissions previous to the 10th of January, 1842; and to the solicitor of Howell the rents received after that time, less his commissions and disbursements after the receivership was extended to Howell's suit. The appellant must pay his own costs upon the appointment of his receiver, and upon the application to the vice chancellor to direct the disposition of the fund; as such an application was necessary by the one party or the other.