THE WASHINGTON LIFE INSURANCE COMPANY, Respondent, *v.* JACOB FLEISCHAUER and others, Appellants.

10 117
6ap248

10h 117
70 AD 81

10h 117
d 73 AD 354

*Foreclosure suit — appointment of receiver in, on application of subsequent incumbrancer — who entitled to amount collected.*

Where, in an action brought to foreclose a mortgage, a subsequent incumbrancer, who is made a party defendant thereto, applies, in his own behalf for, and secures the appointment of a receiver of the rents and profits of the mortgaged premises, he is entitled to retain the amount collected by the receiver as against the claim of a prior mortgagee whose debt the amount realized upon the sale of the mortgaged property, under the judgment entered in the action, has been insufficient to satisfy.

Appeal by defendants Bernard Amend and Joseph Koelble, executors of Joseph Mosbach, from an order denying a motion to modify an order appointing a receiver.

The plaintiff, holding a first mortgage on certain premises on the 21st of March, 1876, filed a complaint for foreclosure and sale, making the holders of the second, third and fourth mortgages parties defendant.

All the parties were served with the summons in the action without a complaint. After the defendants Amend and Koelble, the holders of the second mortgage, had been served with the summons,

but before they appeared in the action and before their time for appearing had expired, and on the 31st of March, 1876, the defendant Susman Schuster, the holder of the fourth mortgage on the premises, without notice to said Amend and Koelble, moved for a receiver of the rents of the mortgaged premises for his benefit. The motion was granted, the order reciting that it had been made on notice to all parties who had appeared in the action. The mortgaged premises were sold under the decree in the action on the 12th of July, 1876, and after the sale a motion was made on behalf of the said Amend and Koelble, the holders of said second mortgage, to modify the order appointing the receiver by striking out the words " for the benefit of " the fourth mortgagee, and that the rents in the hands of the receiver be paid over to them as holders of the second mortgage, their lien being prior to the lien of the fourth mortgage, and they not having had notice of the application for the receiver for Schuster's benefit.

*B. M. Stillwell*, for the appellants.

*John S. Ray*, for the respondent.

DANIELS, J.:

This action was brought to foreclose a mortgage, which was the first incumbrance on the premises described in it. Three other mortgages were afterwards given upon the same property, and the parties holding them were made defendants in this action. During its pendency the defendant Susman Schuster procured the appointment of a receiver of the rents of the mortgaged premises, for the benefit of himself, the defendants appealing having not then appeared in the action; they had no notice of that application. The receiver collected about $420, rents of the premises, by virtue of his appointment, and after that and a sale of the premises had been made under the judgment recovered, the appealing defendants, who owned the second mortgage, applied for such a modification of the order as would entitle them to the rents collected by the receiver, the proceeds of the sale paying only the first mortgage upon the property. This application was denied, and the appeal has been taken from the order made upon that denial. The respondent,

defendant, applied for the receiver in his own behalf solely and not generally in the action. That he had the right to do, and the parties holding earlier incumbrances upon the property could have done the same at any time during the pendency of the action, and that would, from the time of favorable action as to either of them, have suspended the special clause of the order made in favor of the defendant who procured it. But, as long as they failed to take any proceeding to secure the collection of the rents for themselves, they were not in a situation to complain of those of the respondent. If it had not been for his application and the order made upon it, the owner of the equity of redemption would, by their practical assent, have himself received and appropriated the rents and profits of the premises during the pendency of the action. He has intervened and prevented that, not for them, but exclusively for himself, and it would be inequitable now to allow him to be deprived of the advantage which his diligence alone has secured. Ordinarily, it is true that a receiver is appointed for the benefit of all the parties in the action. But that is only so when all are interested and have the probable right to participate in the subject of the litigation. That in this case did not directly include the rents and profits of the property while the suit should be pending. They could be impounded only because the property itself was an inadequate security for the debt, and then only by means of a special application of the court for that purpose. The parties each had their election whether that should be made or not. They all elected not to make it, except the respondent. The rest were satisfied to leave the rents and profits out of the case, and unaffected by its determination. He alone was actuated by a different disposition, and moved for their sequestration, as he had a right to, for his own exclusive benefit. After that had been done, and the anticipated benefit had been secured, the appellants could not justly deprive him of its fruits.

The case is within the principle applied in the decision of *Howell* v. *Ripley* (10 Paige, 43), where the contest concerning the rents was between the complainants in two separate actions of foreclosure, and it was held that the junior incumbrancer could not be divested of his right to the rents and profits in favor of the party holding the first mortgage, until he had procured the appointment of a receiver, who should collect them for his benefit and subordinate to

his own superior rights. In principle, there can be no difference between this case and that which was then decided by the chancellor. The same principle was maintained in *Post* v. *Dorr* (4 Edw. Ch. [m. p.], 412), where it was held "to be an established rule that a second or third mortgagee, who succeeds in getting a receiver appointed, becomes thereby entitled to the rents collected during the appointment, although a prior mortgagee steps in and obtains a receivership in his behalf, and fails to obtain enough out of the property to pay his debt. This is on the principle that a mortgagee acquires a specific lien upon the rents by obtaining the appointment of a receiver of them, and if he be a second or third incumbrancer, the court will give him the benefit of his superior diligence over his senior in respect to the rents which accrued during the time that the elder mortgagee took no measures to have the receivership extended to his suit and for his benefit." (Id., 414.)

The order appealed from was a proper one, and it should be affirmed, with ten dollars costs, besides disbursements to the respondent.

BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order affirmed, with ten dollars costs and disbursements.