THE NEW JERSEY TITLE GUARANTEE AND TRUST COMPANY

*v.*

CONE & COMPANY and BELLE FELDMARK.

[Submitted September 29th, 1902.   Decided October 3d, 1902.
Filed January 26th, 1903.]

1. Premises sold under a senior mortgage, subject to two years' taxes, were purchased by the mortgagee foreclosing, and did not bring enough to satisfy the mortgage. A receiver appointed at the instance of a junior mortgagee reported funds in hand, and asked for discharge.—*Held*, that the taxes being a lien on the land at the time it was purchased, the purchasing mortgagee stood in the same relation as any stranger, and was not entitled to have the amount derived from the receivership applied to payment of taxes.

2. After a senior mortgagee began foreclosure proceedings, a junior mortgagee applied for and secured the appointment of a receiver, without any order as to the application of funds that might be derived from the receivership. The premises were purchased by the senior mortgagee for less than enough to satisfy his mortgage.—*Held*, that he was entitled, as against the junior mortgagee, to have funds derived from the receivership applied to the deficiency, and the junior mortgagee was not entitled to any priority as to such fund by securing the appointment.

On motion to appropriate moneys in the hands of receiver of mortgaged premises.

*Mr. Charles L. Corbin,* for the complainant.

*Mr. Charles E. Hendrickson, Jr.,* for the defendant Feldmark.

PITNEY, V. C.

The complainant filed a bill to foreclose a first mortgage on land and made the defendant Mrs. Feldmark a party as second mortgagee. She applied to the court to appoint a receiver of the mortgaged premises, which was done. The order appointing is the usual one adopted in New Jersey, and does not indicate any

disposition which shall be made of the moneys collected by the receiver. The defendant Feldmark did not answer, and no decree was entered in her favor, though it is not disputed that her mortgage is valid and that she would be entitled to any surplus money over and above the amount due the complainant.

At the time of the sale the premises were subject to two years' taxes, amounting to a considerable sum, and when sold were purchased by the complainant and failed to produce enough to satisfy the complainant's mortgage by $80.77.

The receiver has filed his report, showing a considerable sum in his hands, and asks to be discharged.

Application is now made on behalf of the complainant to pay—*first,* the deficiency on his mortgage, and *second,* the taxes in arrear. This motion is resisted by Mrs. Feldmark, who claims that she is entitled to the whole of the fund in the receiver's hands.

With regard to that part of the motion which asks that the arrears of taxes be paid out of the fund in the receiver's hands, I think it must fail. The complainant's mortgage did not contain any clause authorizing it to pay taxes and add them to the mortgage; and if it had contained such a clause, I do not wish to be understood as intimating that it would have made any difference on the present motion. Such a clause would probably be construed as simply authorizing it to increase the amount due on its mortgage by actually paying the taxes, and without such actual payment before decree no allowance can be made therefor. In the present situation the taxes were a lien upon the premises at the time they were purchased, and the complainant stands in the same situation in that regard as would a stranger purchasing the premises. I can perceive no right which the complainant can have to have the amount of that lien reduced at the expense of a junior encumbrancer. The presumption is that if there had been no encumbrance for taxes at the time of the sale the property would have produced just so much more, and that increase in the product would have inured to the benefit of the junior encumbrancer. That part of the motion must be denied.

The other part of the motion, namely, to pay to the complain-

ant the sum of $80, the deficiency due on its decree, stands upon an entirely different footing. I undertsand the general rule in New Jersey to be that where a receiver of mortgaged premises is appointed in a foreclosure case, to which there are several parties claiming an interest in the premises, it is not usual to determine at the time the order of appointment is made upon what account the money received shall be applied, but to retain it to be applied as each party to the suit shall appear to be entitled at the final hearing of the cause. The mere fact that the receiver is appointed upon the application of the second or any subsequent mortgagee, who is a party to the suit, does not give him any superior right to the proceeds of the receivership. This was distinctly stated by Chancellor Williamson in his opinion in the case of *Cortleyeu* v. *Hathaway, 3 Stock. 39* (at *p. 42*). He there says: "Where, upon the application of a subsequent mortgagee, a receiver is appointed, it is without prejudice to any prior mortgagee or other encumbrancer, and the receiver will be directed to keep down the interest upon the prior encumbrances," citing authorities.

In opposition to this doctrine the counsel for Mrs. Feldmark relies on a line of cases in the State of New York, the leader of which is *Howell* v. *Ripley, 10 Paige 43,* decided by Chancellor Walworth. But a careful examination of that case does not sustain the defendant's contention. In fact, at the outset of his opinion, Chancellor Walworth states the very doctrine laid down by Chancellor Williamson, in these words: "When a receiver is appointed in a suit he is appointed for the benefit of such of the parties in that suit as it shall afterwards appear were entitled to the fund in controversy, but not for the benefit of strangers to the suit." In that case there were several successive mortgages, and a junior mortgagee filed a bill to foreclose his mortgage without making any prior mortgagee a party thereto, and in that suit a receiver was appointed, who collected certain rents and profits. Subsequently the first mortgagee filed a bill to foreclose his mortgage, making the subsequent mortgagees parties, including the one who had filed a previous bill, and obtained an order in his suit appointing the same person receiver of the rents

and profits who had been appointed in the prior suit of the sub-. sequent mortgagee. The premises were sold under the decree. of the first mortgagee, and the proceeds of the sale left a deficiency in his mortgage. He moved the court that the money in the receiver's hands should be applied to the payment of that deficiency. The court held that so much of the rents and profits as had accrued and been collected by the receiver prior to his appointment in the suit by the first mortgagee should go to the mortgagee who first brought suit, but that all that was collected after the receiver was appointed in the suit by the first mortgagee should go to him. He there discusses the rights of parties under such circumstances, and shows that if a second mortgagee gets in possession and receives rents and profits he can hold those rents and profits for his own benefit until he shall be disturbed by a suit brought by the first mortgagee. The reason why the first mortgagee was not awarded the rents and profits which were collected by the receiver prior to the time the receiver was appointed under the first mortgagee's suit was that the first mortgagee was not a party to the first suit, and therefore not entitled to any benefit under it.

The doctrine of that opinion was adopted by Vice-Chancellor Van Fleet in *Leeds* v. *Gifford, 14 Stew. Eq. 465.* There the second mortgagee, before suit brought, had been let into possession by the tenant, and after foreclosure by the first mortgagee and sale of the premises, leaving a deficiency upon his mortgage, the latter attempted to compel the second mortgagee to pay to him the moneys which he had received. He failed in that attempt for the reasons stated by the learned vice-chancellor.

The case of *Howell* v. *Ripley, supra,* was followed in New York by *Post* v. *Dorr, 4 Edw. Ch. 412,* where Vice-Chancellor McCoun indulges in some *dicta* bearing upon the question; but an examination of the case shows that the question now under consideration was not involved.

The next case in New York is *Washington Life Insurance Co.* v. *Fleischauer,* reported in 10 Hun 117. That was a contest between two subsequent mortgagees, defendants in a foreclosure case. There a defendant, the holder of a fourth mortgage, in a,

suit to foreclose the first mortgage, moved (without notice to the holders of the second mortgage) for and obtained an order for a receiver of the rents and profits of the mortgaged premises "for the benefit of" the mover. After the property was sold and the second mortgagees found that their mortgage was not reached by the sale, they moved the court to strike out the words "for the benefit of" in this order, and that the rents in the hands of the receiver be paid to them as holders of the second mortgage. This motion was denied in the court below and affirmed in the supreme court, on the ground that it was within the principle adopted in the decision of *Howell* v. *Ripley, supra,* and within the *dictum* of Vice-Chancellor McCoun in *Post* v. *Dorr, supra.* The reasoning of the court in the case (*10 Hun*) is not satisfactory to me, and I should decline to follow it if it were precisely in point, which it is not.

The next case from New York is *Ranney* v. *Peyser,* reported, first, in the supreme court in *20 Hun 11,* and, on appeal, in *83 N. Y. 1.* There, as in the case of *Howell* v. *Ripley, supra,* the second mortgagee had filed his bill to foreclose without making the first mortgagee a party, and, by the consent of the mortgagor, had obtained an order appointing himself receiver, in these words:

"That as such receiver, he [plaintiff] have power, which is hereby given to him, to rent and manage said buildings and premises, and to rent the same or any part thereof from time to time for terms not exceeding one year; to collect and receive the rents thereof, and out of the same to keep said buildings insured against loss or damage by fire and in repair, and to pay the ground rent and taxes."

Subsequently the first mortgagee brought suit to foreclose his mortgage; the property was sold thereunder, the first mortgagee purchasing at the sale, and a deficiency was found, and he then applied to have the money collected go to the payment of the ground rent and taxes. On an appeal to the supreme court, Judge Barrett, speaking for himself and Davis, P. J., and Brady, J., held that upon a strict reading of the order appointing the receiver the receivership was obtained by the

plaintiff upon a condition that he should apply the rents and profits to the payment of the ground rent and taxes. The decision, therefore, turned distinctly upon the terms of the order. The court of appeals took a view of the effect of the order different from that taken in the court below. As between the two, I am inclined to think that the view of the court below was the sounder one. But it is to be observed that in that case the receiver was appointed in a suit to which the first mortgagee was not a party, and he could have no standing to claim any part of the fund, except upon the terms of the order appointing the receiver.

This disposes of all the cases cited in behalf of Mrs. Feldmark, and I feel constrained to advise an order declaring in accordance with the views first above stated, namely, that the amount due the complainant for deficiency on its mortgage shall be paid out of the fund in the receiver's hands, after settling his compensation and expenses, and the balance to Mrs. Feldmark, providing it shall appear, after notice served on the other defendants, that she is entitled to it as against them.

As both parties have succeeded in part and failed in part, there will be no costs.