The Salem County Trust Company filed a bill to foreclose the first mortgage held by it on property located at 4021 Atlantic avenue, Atlantic City, New Jersey, naming among others, S. Pearson Morris, the holder of the second mortgage covering the same premises, as defendant. Mr. Morris, through his counsel, on the 21st day of June, 1932, filed a petition, and caused to be issued an order to show cause why a receiver should not be appointed for the premises in question. By this order to show cause, the complainant, Salem County Trust Company, as well as other parties, were ordered to show cause why a receiver should not be appointed upon the application of the second mortgagee. The petition was accompanied by affidavits going to prove that the mortgaged premises were not sufficient security for the second mortgage. On the same day, namely, the 21st day of June, 1932, but after the filing of the petition by the second mortgagee, the first mortgagee filed a petition for the appointment of a receiver for the same premises. These two applications were heard on Tuesday, June 28th, 1932, and at that time a receiver was appointed upon the application of the second mortgagee, S. Pearson Morris.
The order appointing the receiver in this matter, after reciting that the matter was heard in the presence of the solicitor for the petitioner, S. Pearson Morris; Thomas G. Siddall, Esquire, appearing for Albert C. Abbott, Esquire, solicitor for the complainant, and Morris Bloom, Esquire, appearing in opposition as solicitor for defendants John W. Plank and Anna M. Plank, his wife, recites as follows:
"And the court having read and considered the petition for receiver and the annexed affidavits filed on behalf of the petitioner S. Pearson Morris; and the complainant Salem County Trust Company, holder of a first mortgage on said premises in the sum of fifteen thousand dollars ($15,000.00) having consented, through its counsel aforenamed, in open court, to the appointment of a receiver upon the application of the second mortgagee S. Pearson Morris; and the court having heard and considered the proofs filed by the respective *Page 388 
parties and the argument of counsel and being satisfied that the prayer of the petition filed by the second mortgagee S. Pearson Morris should be granted;
"It is, on this 29th day of June, 1932, on motion of Russell Godfrey, solicitor for the petitioner S. Pearson Morris, ordered, that Warren Lindsay, Jr., of the city of Atlantic City, county of Atlantic and State of New Jersey, be and he is hereby appointed receiver, to take charge of the mortgaged premises mentioned in said petition and described in the bill of complaint filed herein, which mortgaged premises are known as 4021 Atlantic avenue and 4020 Van Rensaleer avenue, Atlantic City, N.J., and to manage the same, with power to sue for, collect and receive the rents, issues and profits thereof; to let the premises or any part thereof at such time or times as may prove necessary or proper, and for that purpose to make agreements or leases for the rental of said premises, or any part thereof; and otherwise do all things necessary or proper for the due care and proper management of the said mortgaged premises."
The foreclosure suit was prosecuted and at the sheriff's sale the property was exposed for sale to satisfy the decree of the Salem County Trust Company in the amount of sixteen thousand four hundred and thirty-seven dollars and fifty cents ($16,437.50) besides interest and costs, which totaled the sum of seventeen thousand six dollars and ninety-nine cents ($17,006.99). At said sheriff's sale the complainant bid the property in for the sum of one hundred dollars ($100), leaving a deficiency on account of said decree in the sum of sixteen thousand nine hundred and six dollars and ninety-nine cents ($16,906.99).
The receiver has filed his account and the same has been approved by this court and there remains in his hands for distribution approximately six hundred dollars ($600).
New Jersey Title Guarantee and Trust Co. v. Cone Co.,64 N.J. Eq. 45, which held, under circumstances very similar to the case at bar, that the first mortgagee was entitled to receive the funds derived from the receivership, is dispositive of this case. *Page 389 
An opinion by Vice-Chancellor Leaming, in Bermes v. Kelley,108 N.J. Eq. 289, was a case where the first mortgagee was not a party to the proceeding for the appointment of a receiver, and distribution was made to the second mortgagee. Vice-Chancellor Leaming, however, took occasion to say:
"When applications have been made by a junior mortgagee for a foreclosure receiver, it has been my practice to require all senior and junior mortgagees to be brought in by the order to show cause, to the end that they might be apprised of the application and join in it, if so advised. When joining in the application, I have deemed them entitled to participate in case of deficiency, in the order of their rank."
Most certainly the Salem County Trust Company, the complainant in the foreclosure proceedings and the petitioner in an order for the appointment of a receiver, filed upon the same day as the application filed by the second mortgagee, and who participated in the hearing of the order to show cause, must be considered as "joining in the application."
An order will be advised directing payment to the first mortgagee.