Dawson *v.* Drake.

---

JACOB H. DAWSON

*v.*

ELKANAH DRAKE and others.

1. A mortgagee who takes possession of the lands mortgaged to him, either by himself or a tenant, is chargeable with a reasonable rent.

2. He is liable, whether he receives rent or profit or not; by taking possession he assumes the position of owner, and is therefore chargeable with the profit a provident owner could have made.

3. But actual possession, or a reception of the profits, or a fraudulent use of his power as mortgagee, to the loss of a subseqeent encumbrancer, must be shown to render him liable.

---

On motion for order directing payment of the proceeds of sale of mortgaged premises. Heard on proofs taken orally before the vice-chancellor.

*Mr. Charles F. Hill,* for the defendant William M. Drake.

*Mr. George F. Tuttle,* for complainant.

THE VICE-CHANCELLOR.

The object of this proceeding is to procure an adjudication whether or not the complainant has had possession of the mortgaged premises as mortgagee, and is therefore liable for rents and profits, and also for waste alleged to have been committed. A right to an account on both

grounds is claimed by the defendant William M. Drake, as owner of the second lien. The complainant purchased the mortgaged premises at a sale made February 19th, 1878, under a decree made in this cause. That sale, on the application of William M. Drake, was set aside, and a resale ordered. A second sale was made July 2d, 1878. On the day of the first sale, and immediately after he purchased, the complainant verbally agreed with his son Jacob to con· vey the mortgaged premises to him as soon as he obtained title from the sheriff. At this time the mortgaged premises were vacant, the mortgagor had been adjudged a bankrupt, and the keys to the house were in the possession of his assignee. Nothing was said between the complainant and his son upon the subject of possession, but, immediately after agreeing to purchase, the son got the keys of the assignee, and took possession by his permission and advice. He at first, for a few days, had a person to sleep in the house at night to watch it, and on the 2d or 3d of March, 1878, moved in himself, and remained until about the middle of June following. The mortgagor, before leaving the house, and some time before the sale, removed two doors from the house and delivered them to the person who made them, they never having been paid for. They were in this person's possession at the time of the sale. The complainant's son, after he took possession of the house, purchased these doors of the maker, and replaced them in the house, and when he left took them out again. The complainant's son is a stranger to this suit. This summary exhibits all the facts necessary to be considered.

The questions upon which the opinion of the court is asked, are presented informally, and as incidents of the resale, and, by desire of counsel, are to be decided on their merits, regardless of form.

The legal rules to be applied in determining whether the claim made against the complainant should be allowed or not, are well settled. A mortgagee who takes possession of the lands mortgaged to him, either by himself or by a

tenant, is chargeable with a reasonable rent for them (*Moore* v. *De Graw*, 1 *Hal. Ch.* 346; *Demarest* v. *Berry*, 1 *C. E. Gr.* 481); he is liable for rent whether he actually receives it or not; by taking possession he assumes the position of owner, and is therefore chargeable with the profit a provident owner could have made (*Shaeffer* v. *Chambers*, 2 *Hal. Ch.* 548); but actual possession, either in person or by a tenant, or a reception of the profits, or some fraudulent use of his power as mortgagee, to the loss of a subsequent encumbrancer, must be shown to render him liable. *Demarest* v. *Berry, supra.*

Applying these rules to the facts of this case, it is impossible, I think, to suggest any rational theory upon which the complainant can be held. He never had either actual or constructive possession of the mortgaged premises; he never authorized his vendee to take possession, nor, so far as appears, did he know that his vendee intended to do so. On the contrary, it is shown that his vendee took possession by permission of the owner of the equity of redemption. His authority to enter was derived from the assignee in bankruptcy, and not from the complainant. Unless his contract of purchase provided that a right to possession should precede title, the vendee would have no right to enter into possession until he got title. It is not pretended that the contract contained such a provision. The complainant is not liable for rents and profits.

The claim for damages for waste is equally groundless. If waste was committed the complainant did not commit it; nor did he put in possession the person who did commit it; nor is he, by reason of any act done or omitted, in any way responsible for the spoiler's acts.

The defendant's application must be denied.