Leeds v. Gifford.

---

## JAMES H. LEEDS

v.

## LIVINGSTON GIFFORD.

1. A prior mortgagee, who has had possession of the mortgaged premises, must account for rents and profits to the subsequent encumbrancer, but a subsequent encumbrancer in possession is not bound to account to the prior encumbrancer.

2. A mortgage which does not by its terms pledge the rents and profits of the mortgaged premises for the payment of the mortgage debt, gives the mortgagee no lien on them, and the mortgagor may take them or assign them without liability to account to the mortgagee for them.

3. Under the rule now in force, a prior encumbrancer has a right, as against the mortgagor and subsequent encumbrancers, in case his security is precarious, to have the rents of the mortgaged premises, accruing subsequent to the appointment of a receiver, sequestered for his benefit.

4. Taking possession of the mortgaged premises is a means to which a mortgagee may resort to obtain payment of his debt, and a payment obtained in this way is subject, in respect to its appropriation, to the legal rules governing the appropriation of other payments.

5. A debtor who makes a payment to his creditor, to whom he owes two or more debts, has a right to direct to which debt the payment shall be applied; if he simply hands the money over to his creditor, without direction as to its

Leeds *v.* Gifford.

application, his creditor may apply the money as he pleases; and if neither party has exercised his right of appropriation, and a dispute subsequently arises, the court will make the appropriation, and in doing so will, as a general rule, apply the payment to the debt which is least secure.

On hearing on petition and affidavits, and answer and affidavits.

*Mr. William Brinkerhoff*, for application.

*Mr. John Linn, contra.*

VAN FLEET, V. C.

This is a foreclosure suit, and the question on which the parties are at variance is, What are their respective rights in certain rents of the mortgaged premises ? The premises are subject to five mortgages. The first two and the last two are held by the defendant. The complainant holds the third, being the one standing midway between the defendant's first two and last two. The defendant took possession of the mortgaged premises, under all four of his mortgages, on the 31st day of January, 1885, pursuant to an arrangement with the mortgagor. The premises were at that time in the possession of tenants under demises made by the mortgagor. The arrangement under which the defendant took possession was, so far as it is material to the question now before the court, to the following effect : the tenants were to attorn to the defendant, he was to collect the rents, make new demises, if necessary, and out of the rents pay taxes, insurance and the cost of necessary repairs, and apply the balance to the payment of his mortgage debts in such order as he might elect. He was given power to apply the balance of the rents to either or all of his debts, as he saw fit. The complainant filed a bill to foreclose his mortgage, January 7th, 1886, and on the 1st of April following took a decree *pro confesso* against all the defendants, with an order of reference to a master. On the 13th of May following he gave the defendant notice that he would, on the 18th of the same month, apply for the appointment of a receiver, but the master to whom the reference had been ordered having,

on the 15th of May, made his report, crediting the balance of the rents remaining in the hands of the defendant, on the 1st of May, 1886, against the amount due on the defendant's first mortgage, the notice was not pursued and no application was made. The defendant, as was natural under the circumstances, such being the dictate of his interest, elected that the balance of rents remaining in his hands should be applied to his last mortgage, and he accordingly, on the 6th of May, 1886, credited the same on the bond accompanying his last mortgage. The rents accruing since May 1st, 1886, he concedes should be credited on his first mortgage. The complainant's mortgage does not give him a lien on the rents of the mortgaged premises, nor pledge them for the payment of the debt secured by it.

The defendant applies for an order reversing the action of the master, by changing the credit of the rents from his first mortgage to his last.

The rule is settled that a mortgagee who takes possession of the mortgaged premises thereby renders himself liable to be charged with their rental value, and this liability attaches to him whether he actually receives rent or not; for by taking possession he assumes the position of owner, and is, in consequence, chargeable with the profit a prudent owner could have made. *Dawson* v. *Drake, 3 Stew. Eq. 601; S. C. on appeal, Id. 733.* And it has also been held that where a mortgagee, after having taken possession, suffered the mortgagor to take the profits, without requiring him to keep down interest, that although in such case he could not be charged with rents and profits, yet inasmuch as his conduct had resulted in favor to the mortgagor and in prejudice to the subsequent encumbrancers, he should not, as against them, be permitted to recover interest on his mortgage debt during the period he had allowed the mortgagor to take the profits of the mortgaged premises. *Bentham* v. *Haincourt, Prec. in Ch. 30; S. C., 1 Eq. Cas. Abr. 320; Loftus* v. *Swift, 2 Sch. & Lef. 642; Demarest* v. *Berry, 1 C. E. Gr. 481.* But even in such a case, Lord Redesdale says, there must be something of contrivance in the conduct of the mortgagee, or some positive miscon-

Leeds *v.* Gifford.

duct on his part to justify the court in depriving him of interest. *Loftus* v. *Swift, 2 Sch. & Lef. 642.*

A mortgage which does not, by its terms, pledge the rents and profits of the mortgaged premises for the payment of the mortgage debt, creates no lien on them, and gives the mortgagee no right to them. The mortgagor, while he remains in possession, may take them and apply them to his own use without being liable to account for them. And he may also make a valid assignment of them in favor of a subsequent encumbrancer as against a prior encumbrancer. This was expressly decided by Chancellor Halsted, in *Best* v. *Schermier, 2 Hal. Ch. 154.* There the mortgagor made a mortgage to one Ballentine, on lands which were already subject to prior mortgages and judgments, and also assigned the rents of the mortgaged premises to Ballentine, with authority to collect and apply them in discharge of his mortgage debt. A prior mortgagee subsequently filed a bill, alleging that the rents assigned to Ballentine should, in equity, be applied to the satisfaction of the prior mortgages, and praying that Ballentine be restrained from collecting them, and that a receiver be appointed in order that they might be applied as the court should thereafter direct. An injunction was granted and a receiver appointed. Ballentine, after filing his answer, moved the discharge of both orders, and they were discharged, the court holding that a mortgagor, while he remains in possession, either by himself or by his tenants, is entitled to the rents and profits of the mortgaged premises, and that inasmuch as in this case the mortgagor himself could not have been restrained, neither would the court be justified in restraining his assignee. It is obvious that this case, as to the rents which accrued subsequent to the appointment of the receiver, was not correctly decided, according to the principle which now controls the action of the court in such cases. According to the rule now in force, a prior encumbrancer has an unquestionable right, as against the mortgagor and subsequent encumbrancers, in case his security is uncertain or precarious, to have the rents of the mortgaged premises, accruing subsequent to the appointment of a receiver, sequestered for his benefit. The case, however, in other respects

Leeds *v.* Gifford.

is well decided, and stands in perfect accord with the present course of judicial decision.

It would seem, then, to be entirely clear that the complainant, at the time the balance of the rents remaining in the hands of the defendant was applied by the defendant towards the satisfaction of his last mortgage, had no right to or interest in the money in controversy. It was as absolutely free from all lien or other claim on the part of the complainant as it would have been . if the mortgagor had derived it from some other source than the mortgaged premises. As between the complainant and the mortgagor, the money was the property of the mortgagor as completely and as unconditionally as it would have been if the relation of mortgagor and mortgagee had not existed between them. I regard it as entirely free from doubt that if the defendant had taken possession under either of his last two mortgages, the complainant could not have deprived him of the rents, except by the appointment of a receiver. And so, too, if the mortgagor had collected the rents himself, and paid them over to the defendant, either with direction to apply them to his last mortgage, or without direction, leaving the defendant free to make such application of them as his interest might dictate, there can be no doubt that the defendant would have had an unquestionable right, not only as against the mortgagor, but also as against the complainant, to apply them to his last mortgage.

This case is unlike any previous case which has come under my observation in this respect: the defendant holds mortgages both prior and subsequent to that of the complainant, and took possession under both. In all the previous cases which I have examined, the contest has been between a subsequent encumbrancer out of possession and a prior encumbrancer in possession, and not, as here, where an intermediate encumbrancer is seeking to charge an encumbrancer who took possession under liens standing both prior and subsequent to his. The rule is well settled that a prior encumbrancer who has had possession of the mortgaged premises must account to the subsequent encumbrancer, but the converse is not true. A subsequent encumbrancer in possession is not bound to account to the prior encum-

brancer. So that the case stands thus : if we treat the defendant as in possession under his first two mortgages, he is bound to account, but if we treat him as in possession under his last two, he is not. But being in under all four, the case, so far as I am aware, is without a precedent. And yet I think the question in dispute may be satisfactorily decided by the application of a familiar rule. Taking possession is simply a method of payment. It is one of the remedies a mortgagee may resort to to obtain payment of his debt. It is, in its essence, a means of payment. As already remarked, if the mortgagor had remained in possession, and collected the rents himself, and then paid them over to the defendant, he would have had a right to control their appropriation, and if he failed to exercise such right, the right of appropriation would have then belonged to the defendant, and he might have exercised it in such manner as would best protect his security. A debtor who makes a payment to his creditor, to whom he owes two or more debts, has a right to direct to which debt the payment shall be applied ; if he simply hands the money over to his creditor, without direction as to its application, his creditor may apply the money as he pleases; and if neither party has exercised his right of appropriation, and a dispute subsequently arises, the court will make the appropriation, and in doing so will, as a general rule, apply the payment to the debt which is least secure. *Terhune* v. *Colton, 1 Beas. 232 ; S. C. on appeal, Id. 312.* And the reason this course is pursued is that the law intends that all men shall be honest, and fully perform their just obligations. The court, therefore, in making the appropriation, does that which an honest man would do. In this case, however, the mortgagor did retain possession, collect the rents, and pay them over to the defendant —the mortgagor went out, and the defendant entered, but the same object precisely was accomplished by that course which would have been accomplished if the other had been pursued. The rent of the mortgaged premises was applied to the payment of the mortgage debt, and to that debt which the parties desired should be first discharged. The cases do not differ in a single essential point, and the legal rule which would control the one

should, in my judgment, be applied to the other. In legal substance, the rents were paid to the defendant, under authority from the mortgagor, and with permission from him to the defendant to apply them as he saw fit, and the complainant, at the time the defendant made an appropriation of them, having neither a lien on them nor any right to them, has no right to have such appropriation changed.

The master's report should be corrected by changing the credit of the rents from the defendant's first mortgage to his last.