## THOMAS HARRON

*v.*

## JOSIAH S. DU BOIS et ux.

[Filed May 1st, 1903.]

1. A second mortgagee advanced money for the purchase of the equity of redemption and obtained it to be conveyed to another to hold for his benefit.—*Held*, such a dealing with the equity of redemption is evidence that there was no intention to merge the equity of redemption with the mortgage, and it will not be held to have merged.

2. An existing first mortgage was a lien on two separate lots of land. A second mortgage was afterwards taken upon one of those separate lots. —*Held*, the second mortgagee acquired an equity to have that portion of the lots covered by the first mortgage, on which the second mortgage was no lien, first applied to and sold for the payment of the first mortgage. Creditors of the mortgagor, who afterwards obtained judgment, and those claiming under them, took their interest subject to this equity.

On bill to foreclose, and answers and proofs.

The bill in this case is filed by the complainant, Thomas Harron, the assignee of a mortgage made on February 3d, 1890, by Jonathan T. Adams and wife to John A. English, to secure the payment of $5,500, with interest, in three years from date, upon a lot of land fronting on Central avenue, in Ocean City, New Jersey, on which is located the Hotel Lafayette, and upon other vacant lots in Ocean City located on Wesley avenue and Asbury avenue. The mortgage was recorded on the 3d day of April, 1890, in Cape May county clerk's office.

The defendants are Peter Gallagher, who has become the owner of the hotel property on Central avenue, by purchase from Charles Nicholls, the sheriff of the county of Cape May, at a sale made under judgments and executions conveying the title whereof the mortgagor, Adams, was seized on the 22d day of August, 1892. The sheriff's deed to Peter Gallagher is dated January 26th, 1893.

Another defendant is Daniel Gallagher, who holds a mortgage on the hotel property for $2,500. This mortgage is dated July 23d, 1892, and recorded in Cape May county clerk's office on the 25th day of July, 1892.

Another defendant is Josiah S. Du Bois. He is the holder of the equity of redemption in the unimproved lots on Wesley and Asbury avenues, by purchase from the sheriff of the county of Cape May, by deed dated August 24th, 1900, as appears by the evidence, under a judgment entered on January 14th, 1893, and levy and sale thereunder.

The other defendants are judgment creditors, who have not filed answers.

The defendant Daniel Gallagher admits the equity and priority of lien of the complainant's mortgage, and sets up his own subsequent mortgage on the hotel property, claiming that as his (Daniel Gallagher) mortgage is a lien only on the hotel property, and not on the vacant lots, the complainant, in selling the mortgaged premises to make the money due him, must first sell the vacant lots and apply the proceeds in satisfaction of the complainant's mortgage, so far as they will go, and sell the hotel property last to make any residue remaining unpaid to the complainant.

The defendant Josiah S. Du Bois also admits the complainant's mortgage and its assignment to him. The defendant Du Bois contends that the conveyance of the hotel by Sheriff Nicholls to Peter Gallagher was, in fact, made in trust for Daniel Gallagher, who was the real purchaser, and that the assignment of the mortgage presently in suit to the complainant was likewise in trust for Daniel Gallagher; that the latter, as mortgagee in possession of the mortgaged premises, has received rents for which he should be charged on an account, as against the amount due on the complainant's mortgage.

The cause came to a hearing on these pleadings.

*Mr. Samuel D. Bergen* and *Mr. Martin V. Bergen,* for the complainant.

*Mr. F. Morse Archer* and *Mr. David J. Pancoast,* for the defendant Josiah S. Du Bois.

GREY, V. C.

There are but two questions in dispute between the parties:

*First.* The defendant Du Bois insists that there should be an accounting for the rents and profits of the hotel property from January 26th, 1893, when Peter Gallagher bought it from the sheriff, and a charging of the amount of such accounting against the complainant's mortgage.

*Secondly.* The defendant Du Bois contends that, in ordering the sale of the mortgaged premises, the hotel property owned by the defendant Peter Gallagher should be first sold, and the vacant lots owned by the defendant Du Bois should be secondly sold.

The incidents upon which the defendant Du Bois bases his claim for an accounting against the complainant's mortgage are as follows:

In July, 1892, Jonathan T. Adams appears to have been the owner of the hotel property, and also of the vacant lots. A number of Adams' creditors had recovered judgments against him. On July 23d, 1892, Daniel Gallagher received from Adams and wife a mortgage on the hotel property only for the sum of $2,500, which was recorded on July 25th, 1892. During the

month of January, 1893, Daniel Gallagher purchased all of the judgments then outstanding against Adams, except two (one of which was held by Cole, receiver, &c., and the other by George W. Huhn), and caused them to be assigned to Peter Gallagher. In the same month of January, 1893, the hotel property was, under the two judgments against Adams, held by Eugene C. Cole, receiver, and by George W. Huhn, respectively, sold by the sheriff to Peter Gallagher, by deed dated January 26th, 1893. In February, 1893, as Peter's tenant or appointee under the deed from the sheriff, Daniel Gallagher went into possession of the hotel. The effect of the conveyancing at this time was, that Peter Gallagher was the holder of the equity of redemption in the hotel property, under the sheriff's deed, with his tenant or appointee, Daniel Gallagher, in possession of the premises. John A. English was the holder of the first mortgage on both properties (since assigned to the complainant, and now in process of foreclosure in this suit), and Daniel Gallagher was the holder of the second mortgage, which was a lien only on the hotel property.

It will be noted that no possession of the hotel was taken under or by virtue of the complainant's mortgage, now sought to be charged with rents and profits. On the contrary, at the time Peter Gallagher, by his appointee, Daniel Gallagher, took possession of the hotel property the complainant's mortgage was held by John A. English, who did not assign it to the complainant until the 24th day of April, 1893.

There was no merger of the equity of redemption with the first mortgage title, because the equity was held by Peter Gallagher, and that mortgage was held by John A. English. There was no merger of the equity of redemption with the second mortgage of Daniel Gallagher, because the title to the equity was, as above stated, held by Peter Gallagher, while the second mortgage was held by Daniel Gallagher. It was obviously the intention of all the parties that the equity of redemption should stand separate and apart from the mortgage title under either mortgage. It did not matter if it were in fact true that Daniel Gallagher, the second mortgagee, did advance his own money to enable the purchase of the equity of redemption by Peter, to be made under the sheriff's deed. Daniel had a right to pur-

chase the equity of redemption and to preserve and protect it from merging with his mortgage title. He owed no duty to Adams, the mortgagor, or to the defendant Du Bois, or to anybody else, which obligated him to deal with that title in such a manner that a merger should be effected. The equity of Adams, the mortgagor debtor, who continued to hold title to the vacant lots (now held by Du Bois), gave him no right to require Daniel Gallagher, if he did purchase the equity of the hotel property, to merge it with his mortgage for Adams' benefit as owner of the vacant lots.

As against Adams, and against all those claiming under him, of whom the defendant Du Bois is one, Peter Gallagher's title and entry upon the hotel property, under the sheriff's deed, was and is controlling and superior. There was no entry into possession under the complainant's mortgage, now sought to be charged with the rents and profits, and no entry into possession under Daniel Gallagher's mortgage. The entry and taking possession was under the sheriff's deed to Peter Gallagher. Under that deed the rents, issues and profits of the premises were rightfully collectible by the purchaser as holder of the equity of redemption.

The possession having been taken under the sheriff's conveyance of the equity of redemption, the rents and profits cannot be charged against either mortgage by whomsoever held.

If it were true that the complainant's mortgage was in fact purchased by Daniel Gallagher's money and put in the complainant's name for the protection of Daniel's interests in the property, there was neither illegality nor inequity in the transaction. While the first mortgage was held by English he had the right to foreclose it, to collect the full amount of principal and interest due thereon, and to require the application of all the mortgaged premises to its payment. He was in no way chargeable with the rents and profits. At the time of the assignment of the first mortgage to the complainant, possession of the hotel property was rightfully in Peter Gallagher under the sheriff's deed. When that mortgage was purchased from English (whether it was by the complainant or by Daniel Gallagher), the purchaser took English's place and thus became entitled to apply all of the mortgaged premises to the payment

of principal and interest of the mortgage debt without being surcharged with any rents and profits of the hotel property, because no possession of that property was taken or held under that first mortgage.

There is no aspect of this case which entitles the defendant Du Bois to have an account taken of the rents and profits of the hotel property and to have them charged, as is sought by his answer, against the amount due on the complainant's mortgage.

As to the claim of the defendant Du Bois that the hotel property should be first sold and applied to the satisfaction of the complainant's mortgage, and the vacant lots should be last sold, the pertinent facts are as follows: The complainant's mortgage was recorded on April 23d, 1890. It covers both the hotel property and the vacant lots. The mortgage to Daniel Gallagher was made July 23d, 1892, was recorded July 25th, 1892, and covered only the hotel property. When Daniel took his mortgage on the hotel property he acquired an equity as against the mortgagor which entitled him to have the assets marshaled, and the values in that portion of the mortgaged premises on which he had no lien (the vacant lots) to be first applied to the satisfaction of the complainant's mortgage, which covered both properties, the other lot (the hotel property) responding only for the residue remaining thereafter unpaid on the complainant's mortgage.

This equity of the junior creditor, having a lien on only one of two funds, became fixed, as against the mortgagor, at the time the second mortgage was taken. Judgment creditors of the mortgagor, by their judgments and levies, take the property of their debtor as he held it, and nothing more. *Herbert* v. *Mechanics Building Association, 2 C. E. Gr. 500 (Court of Appeals).*

In the present case the defendant Du Bois acquired the vacant lots, by purchase from the sheriff, under the judgment which he recovered and entered on January 14th, 1893, about six months after the defendant Daniel Gallagher had, by recording his mortgage, established his equity. Du Bois therefore took title to the vacant lots with notice of, and subject to, Daniel Gallagher's right (as second mortgagee only in the hotel property) to have

West Jersey & Seashore R. R. Co. *v.* Waterford.

the vacant lots, on which he had no lien, first applied to pay the complainant's mortgage, which was a charge on both properties. To order the hotel property to be first applied would be a manifest injustice, for it would change the relations which the parties have themselves fixed, acting with full notice. The defendant Du Bois, as purchaser at the judicial sale, took the vacant lots burdened with the then existing charges, and has no *status* which enables him to escape by shifting them to other property in which he has no interest. *Kreuger* v. *Ferry, 14 Stew. Eq. 432; affirmed on appeal, 16 Stew. Eq. 295.*

Neither of the contentions advanced in behalf of the defendant Du Bois can be sustained.

I will advise a decree for the complainant, without charging him with any rents and profits, and for a sale of the mortgaged premises, the vacant lots owned by the defendant Du Bois to be first sold to pay the amount due on the complainant's mortgage.