MATHIAS LAST

*v.*

JOHN WINKEL et al.

[Submitted January 10th, 1916.　Decided January 18th, 1916.]

Where complainant foreclosed his first and fifth mortgages, making the second, third and fourth mortgagees parties, and the premises realized a sum insufficient to pay the second, third and fourth mortgagees after satisfying the complainant's first mortgage, complainant is not entitled to have the receiver collect the rents and apply the same in favor of his subsequent encumbrance.

On bill to foreclose.

*Messrs. Gross & Gross*, for the complainant.

*Messrs. Herrmann & Steelman*, for the defendants, Miller and Nadel.

*Mr. Peter Stillwell*, for the defendant Monroe Eckstein Brewing Company.

GRIFFIN, V. C.

The complainant foreclosed his first and fifth mortgages, making the second, third and fourth mortgagees parties. The premises realized at the sale a sum insufficient to pay the amount due upon the second, third and fourth mortgages after satisfying the amount due the complainant upon his first mortgage. The complainant now seeks to have the rents collected by the receiver appointed in the cause applied on account of the amount due upon his fifth mortgage, to the exclusion of the second, third and fourth mortgagees, founding his claim upon the allegations and prayer of his bill.

In the stating part of his bill, the complainant says, in effect,

that his application for the appointment of a receiver of rents is made to have the rents collected applied first in reduction of his fifth mortgage debt. The order to show cause made upon the bill does not disclose the purpose of the complainant to ask that the receiver, if appointed, should apply the rents in reduction of his fifth mortgage indebtedness, to the exclusion of prior encumbrancers. The order appointing the receiver is in the usual form, containing no adjudication of the rights of the parties in the rents, when collected. The complainant is therefore not entitled to have the rents applied in favor of his subsequent encumbrance. *New Jersey Title Guarantee and Trust Co.* v. *Cone & Co., 64 N. J. Eq. 45.*

An order will be advised, directing that the moneys in the receiver's hands be disbursed according to the order of priority ascertained by the final decree.