CHARLES R. MYERS

*v.*

MILDRED J. BROWN et al.

[Submitted January 21st, 1921.   Decided February 19th, 1921.]

1. The lien of a judgment creditor of a mortgagor, otherwise perfect, upon a fund consisting of rents which had accrued but were unpaid when a receiver was appointed in proceedings to foreclose the mortgage, is not impaired by the fact that the fund was in *custodia legis* at the time the execution was levied.

2. A mortgagee has no right to the rents of the mortgaged premises, unless they are expressly pledged, until he comes into possession after default; and a receiver in foreclosure is entitled only to rents accruing after his appointment.

3. A mortgage conveying lands, together with the rents, issues and profits, is a lien on the land only ; such words apply only to rents, issues and profits after the mortgagee has taken possession. To entitle the mortgagee to more than that, there must be an express pledge of the rents accruing before default.

4. Rents accruing before the mortgagee takes possession for default, either personally or through a receiver, belong to the mortgagor, and having been garnished in the hands of a receiver by the mortgagor's judgment creditor, such creditor is entitled to be paid first out of the accrued rents.

5. Such accrued rents should not be applied to taxes accumulated *pendente lite* as against the claim of the mortgagor's judgment creditor who has garnished the fund.

On petition, &c.

*Messrs. Bourgeois & Coulomb*, for the complainant.

*Mr. Martin V. Berger, Jr.*, for the defendants.

BACKES, V. C.

The question presented is : Is a mortgagee entitled to rents which had accrued but were unpaid at the time of the appointment of a receiver in foreclosure, as against a judgment creditor of the mortgagor? The facts are agreed upon and stipulated by counsel and they appear to be as follows :

The complainant filed his bill February 20th, 1917, to foreclose a mortgage on the Brookhurst Hotel, Atlantic City, executed to him by Mildred J. Brown in 1914. The mortgage includes, in addition to the land, the "rents, issues and profits thereof." The property was sold and there is a large deficiency. On July 12th, 1917, a receiver was appointed to collect "any back and future rents." The receiver collected from the tenant two installments of rent that had accrued before his appointment, $500 on June 15th and $1,000 on July 10th, which are the subject of this litigation.

Susanna B. Trap issued an execution out of the supreme court on a judgment of $799.92 recovered by her against Mildred J. Brown, the owner of the equity of redemption, and, June 19th, 1918, the sheriff of Atlantic county levied upon the moneys in

the hands of the receiver, in form and manner provided by the supplement to the Execution act of 1915. *P. L. 1915 p. 182.*

The judgment creditor's lien, otherwise perfect, is not impaired by the fact that the fund was in *custodia legis* at the time the execution was levied. If the mortgagee had no right to the rents, then they belonged to the judgment debtor, and as against her the levy is binding. If the mortgagee had no right to the rents the receiver had none.

It is settled law in this state that a mortgagee has no right to the rents of the mortgaged premises, unless they are expressly pledged, until he goes into possession, after default; and that a receiver in foreclosure is entitled only to rents accruing after his appointment. *Stewart* v. *Fairchild-Baldwin Co., 90 N. J. Eq. 139;* affirmed, on this proposition, *108 Atl. Rep. 301.*

The appointment of a receiver in foreclosure does not relate to the commencement of the suit. The receiver is not entitled to rents accruing, *pendente lite,* before his appointment. The commencement of a foreclosure gives the mortgagee no title as his mortgage is only security for a debt. The title and possession of the mortgaged premises, unless interrupted by the appointment of a receiver, remain in the mortgagor until the sheriff's deed is actually delivered to the purchaser. *Wilt. Mort. Fore.* § *13.*

A mortgage conveying lands, "together with the rents, issues and profits," is a lien upon the lands only. These words add nothing to the security of the mortgage debt. They mean nothing more than the law allows—that is, the rents, after default, upon the mortgagee taking possession. "It is, of course, competent for the parties to provide, in the mortgage, for the payment of rents and profits to the mortgagee, while the mortgagor remains in possession. But when the mortgage contains no such provision, and even where the income is expressly pledged as security for the mortgage debt, with the right in the mortgagee to take possession on the failure of the mortgagor to perform the conditions of the mortgage, the general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged premises until he takes actual possession, or until possession is taken in his behalf by a receiver." *Freedman's Saving Co.* v.

*Sheperd, 127 U. S. 494.* That case involved the right to rents which by the mortgage had been reserved to the mortgagor until default. Mr. Justice Harlan, after referring to numerous authorities, said, further, that "even if the deed had expressly pledged the income as security for the debts named, the mortgagor, according to the doctrines of the cases cited, would have been entitled to the income, until, at least, possession was demanded under the deed; or until his possession was disturbed by a sale under the deed of trust or, in advance of a sale, by having a receiver appointed for the benefit of the mortgagee."

In *American Bridge Co.* v. *Heidelbach, 94 U. S. 798,* the mortgage included, besides the bridge, "the rents, issues and profits of said bridge." At the time of the foreclosure of the mortgage there was an accumulation of rents, which the American Bridge Company, a judgment creditor, levied upon and claimed as against the mortgagees. The court awarded the funds to the judgment creditor, and, in denying the claim of the mortgagees, says: "In this case, upon the default which occurred, the mortgagees had the option to take personal possession of the mortgaged premises, or to file a bill, have a receiver appointed and possession delivered to him. In either case the income would thereafter have been theirs. Until one or the other was done, the mortgagor, as Lord Mansfield said in *Chinnery* v. *Blackman, 3 Doug. 391,* was 'owner to all the world and entitled to all the profit made.' "

To entitle a mortgagee to rents accruing before he takes possession, or what is its equivalent, the appointment of a receiver in foreclosure, there must be something more than the formula, *addendum* to the description of the land, "together with the rents, issues and profits." There must be an express pledge of the rents; in other words, the mortgage must pledge the rents to accrue before default during the mortgagor's possession.

The rents belong to the mortgagor, and, having been garnished in the hands of the receiver by the judgment creditor, she is entitled to be paid the amount of her judgment, with costs.

Recently, after the judgment creditor's lien attached, Mrs. Brown assigned the rents to the complainant. The receiver will be directed to pay the balance to him.

In the stipulation of facts agreement as to the binding force of the judgment creditor's lien was reserved. The case was submitted on briefs, in which the question is·not raised, counsel having assumed, as I do, without examining the point, that a statutory lien had been lawfully effected.

Counsel makes the point that, as taxes had accumulated *pendente lite,* the rents ought to be applied to their liquidation, in preference to the judgment creditor's lien. The court of errors and appeals has ruled otherwise. *Stewart* v. *Fairchild-Baldwin Co., supra.*