The sole question involved on this petition is whether or not the receiver who was appointed on December 17th, 1929, should be directed to pay to the defendant-petitioner, the mortgagor, rents due and payable in advance on December 1st, 1929, but which were unpaid on the date of the receiver's appointment and thereafter collected by him. It has been repeatedly held in this state that a rent receiver in a foreclosure proceeding has no more rights than a mortgagor in possession would have and therefore is not entitled to rents accrued before his appointment. Stewart v.Fairchild-Baldwin Co., 91 N.J. Eq. 86; Myers v. Brown, 92 N.J. Eq. 348.
It is contended that the proper construction which should be *Page 2 
placed upon the word "accrued" as used in these decisions is that it includes the rent for the period from December 1st to December 17th, but excludes that portion of the rent covering the remainder of the month, and it is argued that Northrup v. Roe,10 N.J.L.J. 334, is authority for this proposition; but that case involved an apportionment of crops which were reserved to the mortgagor in a lease, and there was no express date upon which those crops were required to be delivered. It is to be assumed from the report of the case that they were deliverable as they matured and were harvested. Quite obviously it was equitable to apportion the value of those crops between the mortgagor and the receiver as of the date of his appointment. It would seem that the word "accrued" is ordinarily used in the sense of "due and payable." 1 Corp. Jur. 733; and, as between landlord and tenant, rents payable in advance are accrued on their due date.36 Corp. Jur. 366 ¶ 1208. And this is the sense in which the word seems to have been used in Stewart v. Fairchild, supra, and other New Jersey cases involving mortgage foreclosure receiverships. The only New Jersey case in which I have found the word has received a different construction is that of Carley v.Liberty Hat Manufacturing Co., 81 N.J. Law 502; but there the court had under consideration a statute which it held to be in derogation of the common law. That fact explains the court's statement that the meaning of the word "accrue" is "to grow" and that in that sense rents accrue from day to day; but the basis of the decision seems to have been that the statute changed the common law rule that rents would not be apportioned in cases of surrender, eviction, dispossession and the like. No such statute is involved here and the cases above referred to justify the conclusion that the word "accrued" as used herein, was used in its ordinary sense. In 42 Corp. Jur. 128 § 1704, the general rule is stated to be that the receiver is not entitled to collect rents paid in advance under a bona fide contract made prior to the default. It necessarily follows, it seems to me, that he is not entitled to rents due in advance but unpaid at the time of his appointment. *Page 3 
I will, therefore, advise an order directing the receiver to pay to the defendant-petitioner rents which were due and payable on December 1st and thereafter collected by him.