The contest is by three mortgagees each of which claims to be entitled to rents of mortgaged premises for the months of December, 1929, and January, 1930, collected by the receiver appointed in foreclosure proceedings at the suit of the first mortgagee on January 7th, 1930.
The bill to foreclose was filed December 26th, 1929. The complainant's mortgage contained an assignment of rents conditioned upon default and effective as of the date of the filing of the bill to foreclose. The second mortgage, now held by the defendant Stein, contained an assignment of the rents effective upon default. The third mortgage held by the defendant Music also contained an assignment of rents and Music was in possession of the mortgaged premises under that assignment when the bill to foreclose was filed. *Page 330 
He claims that by reason of such possession he stood in the shoes of the mortgagor and is, therefore, entitled to all rents accrued prior to the appointment of the receiver.
Ordinarily, as between a mortgagor and a receiver appointed at the suit of a mortgagee, the receiver is entitled to collect only such rents as fall due after his appointment, and the rents falling due prior thereto belong to the mortgagor. Stewart v.Fairchild-Baldwin Co., 91 N.J. Eq. 86; Myers v. Brown, 92 N.J. Eq. 348; New Order Building and Loan Association v. 222Chancellor Avenue, 106 N.J. Eq. 1. Assuming that the third mortgagee does stand in the shoes of the mortgagor, he would be entitled to the rent which accrued prior to the appointment of the receiver if the rule of those cases applied here. But in none of those cases did the mortgage contain a clause assigning the rents as additional security and the decisions are not, therefore, controlling.
That it is competent for the parties to a mortgage to make such assignment, and that such assignment will be held effective as against subsequent encumbrancers, is clearly indicated by Vice-Chancellor Backes in Myers v. Brown, supra (at p.351); by Chief Justice Gummere, speaking for the court of errors and appeals in Henn v. Hendricks, 104 N.J. Eq. 166; and by Mr. Justice Harlan, speaking for the United States supreme court in Freedman's Saving and Trust Co. v. Shepherd, 127 U.S. 494;32 L.Ed. 163. In the case last cited, Mr. Justice Harlan said:
"It is, of course, competent for the parties to provide in the mortgage for the payment of rents and profits to the mortgagee, even while the mortgagor remains in possession."
The assignments of rents as contained in the mortgages here involved constituted agreements such as were contemplated by the language of the courts in those cases. But it is insisted on behalf of the third mortgagee that notwithstanding such an assignment of rents, the mortgagee must either enter into possession or secure the appointment of a receiver before he will be entitled to the rents, and that, as between several mortgagees, each of whose mortgage contains an assignment of rents, a subsequent mortgagee entering into possession prior to the appointment of a receiver is entitled to *Page 331 
rents already accrued at the date of such appointment. It is true that in Leeds v. Gifford, 41 N.J. Eq. 464 (at p. 468), Vice-Chancellor Van Fleet said that "the rule is well settled that a prior encumbrancer who has had possession of the mortgaged premises must account to the subsequent encumbrancer, but the converse is not true. A subsequent encumbrancer in possession is not bound to account to the prior encumbrancer." But in that case none of the mortgages involved contained any assignment of rents.
The third mortgagee relies mainly upon Freedman's Saving andTrust Co. v. Shepherd, supra, and particularly upon that portion of the court's opinion which reads as follows:
"But when the mortgage contains no such provision, and even where the income is expressly pledged as security for the mortgage debt, with the right in the mortgagee to take possession upon failure of the mortgagor to perform the conditions of the mortgage, the general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged premises until he takes actual possession, or until possession is taken in his behalf by a receiver. Teal v. Walker, 111 U.S. 242; 28 L.Ed. 415; Grant
v. Phoenix Life Insurance Co., 121 U.S. 105; 30 L.Ed. 909; or until, in proper form, he demands and is refused possession.Dow v. Memphis and Little Rock Railroad Co., 124 U.S. 652,654; 31 L.Ed. 565, 566. See, also, Sage v. Memphis and LittleRock Railroad Co., 125 U.S. 361; 31 L.Ed. 694."
"* * * Even if the deed had expressly pledged the income as security for the debts named, the mortgagor, according to the doctrines of the cases cited, would have been entitled to the income, until, at least, possession was demanded under the deed; or until his possession was disturbed by a sale, under the deed of trust or, in advance of a sale, by having a receiver appointed for the benefit of the mortgagee."
But an examination of the cases cited as authority for the statement that the mortgagor is not entitled to the rents until he takes possession, or until a receiver is appointed, convinces me that the word "pledged" was there used as distinguished from the word "assigned." There is a marked difference between *Page 332 
a pledge and an assignment. Ordinarily a pledge is considered as a bailment, and delivery of possession, actual or constructive, is essential, but transfer of title is not. On the other hand, by assignment, title is transferred although possession need not be. There may, of course, be pledges accompanied by an assignment where both possession and title are transferred to the pledgee; and there may also be a qualified assignment where neither possession nor complete title passes. But that the word "pledged" was used in the cited case in its ordinary sense is plain from the fact that the court held that possession, actual or constructive, must follow to make it effective. In none of the cases which are cited in the opinion of the supreme court had there been any assignment of the rents. The mortgages or deeds of trust involved in those cases contained merely the usual "formula, addendum to the description of the land, `together with the rents, issues and profits,'" referred to by Vice-Chancellor Backes in Myers v. Brown, supra, or a provision for delivery of possession to the mortgagee or trustee upon default.
My conclusion is that the complainant is entitled to the January rent because its assignment became effective as of the date of the filing of the bill. It is not entitled to the December rent because its rights to rents accruing before taking possession were limited by the mortgage itself, which provided that the assignment was not to become effective until bill filed. The bill was not filed until December 26th and the rents accruing prior to that date had not been assigned to the complainant. The third mortgagee took his mortgage and the assignment of the rents therein contained subject to the rights of the complainant as specified in its mortgage, and subject also to the rights of the defendant Stein, the second mortgagee. He is, therefore, accountable to prior assignees of the rents notwithstanding the fact that he was in possession. The fact that here the rents were assigned differentiates the instant case from Leeds v.Gifford, supra, where they were not. The receiver will pay the December rent to Stein, the second mortgagee, and the January rent to the complainant. *Page 333