The inquiry here presented is whether a first or a second mortgagee is entitled to receive money which has been collected by a receiver in foreclosure as rents of the mortgaged premises.
Both mortgages contain the usual clause pledging the rents, issues and profits of the mortgaged premises. The second mortgagee filed a bill to foreclose his mortgage and procured from the court an order appointing a foreclosure receiver to collect the rents. In that suit and proceeding the first mortgagee was not a party. Subsequently the first mortgagee filed its bill to foreclose, making the second mortgagee a defendant, but neither entered into possession nor applied to the court for the appointment of a receiver. Sale was made in the foreclosure suit of the first mortgagee and the proceeds of sale were inadequate to satisfy that mortgage. Both mortgagees now make claim to the rents collected by the receiver.
Controversies of this general nature have been before the courts of this state so frequently and in so many aspects that it is not thought that any doubt can be said to exist touching the question here presented. At default a mortgagee becomes entitled to possession of the mortgaged premises; that possession, if exercised, entitles him to receive the rents. Possession *Page 291 
may be taken either personally or through a receiver appointed by the court for that purpose in a suit to foreclose the mortgage. But unless and until that possessory right is exercised by a mortgagee, the mortgagor is entitled to the rents as against the mortgagee. As against the mortgagor, that possessory right and its fruits, if and when exercised, obtains in favor of any mortgagee, irrespective of the rank of the mortgage. As between two successive mortgagees it necessarily follows that when one exercises his possessory right, either personally or through a receiver in foreclosure, and the other does not do so, the one so exercising the right becomes entitled to the rents received by him through the medium of his possession. This must be so, because a mortgagee who does not exercise his possessory right acquires no right to receive the rents. In the present case the second mortgagee first foreclosed and procured the appointment of a receiver. The first mortgagee was not a party to that foreclosure or to the proceeding for the receiver's appointment, and at no time either took possession or sought the appointment of a receiver; he was a stranger to the foreclosure proceedings of the second mortgagee. It is clear that distribution must be made to the second mortgagee.
When applications have been made by a junior mortgagee for a foreclosure receiver, it has been my practice to require all senior and junior mortgagees to be brought in by the order to show cause, to the end that they might be apprised of the application and join in it, if so advised. When joining in the application I have deemed them entitled to participate in case of deficiency in the order of their rank.
The following adjudications in this state appear to embrace practically every aspect of the general subject and to adequately support the views herein expressed. Cortleyeu v. Hathaway,11 N.J. Eq. 39; Coddington v. Bispham's Executors, 36 N.J. Eq. 574; Leeds v. Gifford, 41 N.J. Eq. 464; New Jersey TitleGuarantee and Trust Co. v. Cone Co., 64 N.J. Eq. 45; LongdockMills and Elevator v. Alpen, 82 N.J. Eq. 190; Last v. Winkel,86 N.J. Eq. 356; affirmed, Ibid. 431; Schreiber v. Green,90 N.J. Eq. 333; Stewart *Page 292 
v. Fairchild-Baldwin Co., 91 N.J. Eq. 86; Myers v. Brown,92 N.J. Eq. 348; affirmed, 93 N.J. Eq. 196; Paramount Building andLoan Association v. Sacks, 107 N.J. Eq. 328; Stanton v.Metropolitan Lumber Co., Ibid. 345.
Distribution will be made to the second mortgagee.