Foreclosure proceedings have been taken by the complainant against the defendant upon a mortgage on property in Atlantic City, New Jersey. The mortgagor has been adjudged a bankrupt by the United States district court, and permission by that court has been given to make the bankrupt's trustee a party to the foreclosure suit.
Application is now made for the appointment of a receiver to collect the rents of the mortgaged premises pending foreclosure upon the ground that the property is a meagre security for the amount due; that taxes have not been paid and that insurance has not been procured in accordance with the terms of the mortgage.
A receiver is appointed under such circumstances for the purpose of taking charge of the premises, and by so doing, takes possession of the property for the mortgagee, in order that he might be entitled to the rents collected after the appointment of such receiver. The premises are already in custodia legis, now being in the possession of the trustee in bankruptcy.
If rents collected by the trustee in bankruptcy from the premises mortgaged by the bankrupt, between adjudication and sale under foreclosure proceedings, go to the mortgagee under claim of deficiency, instead of the general creditors, there would be no necessity for the appointment of a receiver in this court. This has been specifically held to be the law by the circuit court of appeals, third circuit, on petition to revise from the district court of the United States for the district of New Jersey.Bindseil v. Liberty Trust Co., 248 Fed. Rep. 112. The same ruling was, as recently as June 29th, 1931, made in the circuit court of appeals, seventh circuit. In re Wakey, 50 Fed. Rep.
(2d ed.) 869, and annotated *Page 4 
in 75 A.L.R. 1521. Evans, circuit court judge, in his opinion said: "The trustee occupies a position akin to that of a receiver appointed at the instance of a judgment creditor and under such circumstances, the moneys collected by the receiver are payable to the lienors in the order of their priority."
It is manifest that a receiver should not be appointed and the application for an order to show cause should be denied. If the petitioner desires, he may take an order denying the granting of the order to show cause in order that the record may show that he has made such application and that it has been refused.