Defendants Kenneth W. Dalzell and Mabelle H. Dalzell, mortgaged premises described in the bill of complaint on January 15th, 1929, to complainants, and this bill is brought to foreclose the mortgage.
Defendants' answer sets up conveyance to complainants and alleges a merger of the legal with the equitable title under the mortgage and satisfaction or extinguishment of the debt secured by the mortgage and a counter-claim for rents.
The Dalzells conveyed the premises to Wadie Rustum and Rose Rustum, "expressly subject" to the mortgage in question. The Rustums conveyed to Rebuy Realty Corporation, "expressly subject" to the mortgage, and that corporation conveyed to Mary T. McCartney, "subject to all liens and encumbrances," *Page 311 
who in turn deeded the premises to Frank R. Humrich, Jr., "subject to all encumbrances of record."
It is admitted in the pleadings and the proofs that Mary T. McCartney took title as the nominee of and the agent for the complainants: that the complainants paid $200 to Rebuy Realty Corporation as consideration for the conveyance, and immediately took possession and collected the rents; that Frank R. Humrich, Jr., is the son of complainants and Mary T. McCartney conveyed to him as the agent for the complainants. There are no subsequent encumbrances and no intervening rights.
Merger is not favored in equity and is never allowed unless for special reasons and to promote the intention of the party, and where equities are subserved by keeping the mortgage alive, and no injury is thereby wrought, it is not extinguished. Nagle v.Conard, 79 N.J. Eq. 124. The conveyance of the fee to a mortgagee will not merge his mortgage, where such intention on his part does not exist. Andrus v. Vreeland, 29 N.J. Eq. 394.
The controlling fact in all instances is the intention of the person in whom the respective interests are united. If the intention is not expressed, it may be found from the facts and circumstances surrounding the case.
In the instant case the evidence documentary and oral leaves no doubt that the complainants intended that the mortgage should not merge. It was the complainant Frank Humrich's testimony that the property was abandoned by the former owner and that he arranged to have the conveyance made to Miss McCartney, the secretary to Mr. Edward S. Atwater, Jr., who was complainants' solicitor at that time, to protect his interest in the same. The property consists of a group of four stores in one building in West Orange and was vacant at the time except for one tenant who occupied two stores.
The fact that Humrich advanced the $200 for the purchase of the equity of redemption and obtained it to be conveyed to another to hold for his benefit is evidence that there was no intention to merge the equity of redemption with the mortgage, and it will not be held to have merged. Harron v. Du Bois, 64 N.J. Eq. 657.
Merger does not result from the conveyance *Page 312 
of the equity of redemption to an agent of the mortgagee. 41Corp. Jur. § 880 p. 783.
The general duty of the mortgagee in possession towards the premises is that of the ordinary prudent owner. He must account, in general, for their rents and profits, or for their occupation value. When the land is in the occupation of tenants, he is chargeable with the gross actual rents and profits received, and with no more, unless he has been guilty of a willful default. 3Pom. Eq. Jur. (4th ed.) § 1216; Dawson v. Drake, 30 N.J. Eq. 601; Leeds v. Gifford, 41 N.J. Eq. 464.
The complainants went in possession in August, 1932, and the evidence shows collected rent in the sum of $460. One of the stores for which the complainants collected $30 a month was vacant during September and October. The fair market rental value having been fixed at $30 a month, there will be an additional credit of $60. As to the balance of the premises unoccupied, the only testimony before me of the fair rental value is that of the complainant Frank Humrich, who fixes the same at $15 a month. Complainants will be charged with rental value at the rate of $15 a month from September 1st, 1932, to April 1st, 1933, in the sum of $120, making a total credit for rents collected and rental value of $640.
The proof as of April 19th, 1933, the date of the hearing before me, was that there was due on complainants' mortgage for principal the sum of $15,000, plus interest of $947.50. Decree will be for $15,947.50 less the credits allowed. *Page 313