Complainants loaned Stanley Phillips and Mary Phillips, the defendants, $5,000 secured by a second mortgage on premises described in the bill of complaint. The bond accompanying the mortgage was signed by Andrew Jablonski, the petitioner herein, complainants having refused to make the mortgage loan until Jablonski, a brother-in-law of the defendants, signed the bond. The mortgage was foreclosed, and in the proceeding Jablonski was, pursuant to P.L. 1932 p. 509, made a party defendant to the foreclosure suit. At the sale complainants purchased the premises for $100 subject to a prior mortgage in the original sum of $25,000, which, according to the admission of the parties, had been reduced to approximately $18,000; and also subject to the tax arrearages for three years, approximating $2,400. Suit for deficiency has now been commenced at law on the bond, and judgment *Page 24 
by default entered against Stanley and Mary Phillips, while Jablonski filed answer. He now petitions this court, in the original foreclosure suit, to open and vacate the order confirming sale, and in the meantime to restrain the prosecution of the suit at law unless and until the fair value of the property is credited upon the bond. Petitioner's proof, according to the affidavits filed, without setting forth here the various appraisements, generally is that the value of the property is sufficient to satisfy the mortgage debt.
The petitioner relies for relief in this court upon FederalTitle and Mortgage Guaranty Co. v. Lowenstein, 113 N.J. Eq. 200,
in which we held that "the mortgagee will not be permitted to retain the estate which will, in effect, become absolute in him upon confirmation of the foreclosure sale, and also recover the debt which is the consideration of that estate by an action on the bond, except and until he credits upon that bond the fair value of the mortgaged premises so acquired."
The defendant argues that what we held there does not apply to the instant case since no attempt is made to extort double satisfaction from the mortgagor, and that complainants seek but one satisfaction and that from the surety, Andrew Jablonski. His interpretation of Federal Title and Mortgage Guaranty Co. v.Lowenstein, supra, is, that the equitable doctrine there laid down applies only to the mortgagor who loses his property and may yet be faced with a personal liability for the full amount of the debt. In the suit at law sought to be restrained, although two persons, the mortgagor as principal and the petitioner as surety, are liable on the bond, there is but one debt to be satisfied, and the mortgagees will not be permitted to retain the security (the estate) and also recover the debt, unless they credit the fair value of the security so acquired on the bond.
It is the right of the surety to be protected against loss to the extent of the principal's property, the surety not being bound to pay anything that the principal's property will pay.Delaware, Lackawanna and Western Railroad v. Oxford Iron Co.,38 N.J. Eq. 151. Where the creditor is fully indemnified *Page 25 
and protection can be afforded a surety without substantial injury to the creditor, he may be compelled to resort to the property of the principal in satisfaction of his claim, before coming upon the surety. Greenberg v. Leff, 104 N.J. Eq. 502.
The action at law will be enjoined until the fair value of the property is determined and credited upon the bond. There will be a reference to a master to take testimony to determine the value.