On July 9th, 1932, the defendant, Gatti Paper Stock Corporation, was adjudged insolvent pursuant to provisions of the Corporation act (2 Comp. Stat. 1910 p. 1595 et seq.) and Richard A. Callahan, the respondent herein, was appointed receiver therefor. Part of defendant's property which came to the possession of said receiver were lands and premises situate in Hoboken, New Jersey, upon which the petitioner herein held mortgage liens aggregating $105,000. Part of said mortgaged premises were used by the defendant (and by the respondent after he was appointed receiver for said defendant) in the conduct of the business in which the defendant was engaged, and part thereof was occupied by a tenant who *Page 553 
paid $500 a month rent. Said rent was payable on the first day of each month. Because of default in payments due under said mortgages the petitioner applied to the court for leave to institute a suit for the foreclosure of said mortgages and to make the respondent a party defendant thereto. An order granting such leave was entered October 31st, 1932. On November 14th, 1932, the petitioner filed its mortgage foreclosure bill and simultaneously therewith applied to the court for the appointment of a receiver for the collection of rents of the mortgaged premises pendente lite. The respondent, as receiver of the insolvent corporation, questioned the validity of said mortgages, and the court caused an investigation to be made thereof, and as a result of such investigation on December 17th, 1932, made an order appointing the respondent receiver for the collection of rents of said mortgaged premises pending the foreclosure proceeding. As receiver of the insolvent corporation the respondent collected rents in the aggregate sum of $2,500 prior to his aforesaid appointment as rent receiver. The mortgaged premises were bid in by the petitioner for a nominal sum at the sheriff's mortgage foreclosure sale, with the result that the petitioner had a considerable claim for deficiency under its decree. Thereafter, in lieu of a proceeding by respondent as receiver of the insolvent corporation-mortgagor to have the court determine a fair value of the mortgaged premises as of the date of the sheriff's sale to be applied against the deficiency under petitioner's decree (Federal Title and Mortgage Guaranty Co. v.Lowenstein, 113 N.J. Eq. 200; Fidelity Realty Co. v. FidelityCorporation of New Jersey, Ibid. 356; Lurie v. J.J. HockenjosCo., Ibid. 504; Fruzynski v. Phillips, 114 N.J. Eq. 23), the petitioner and respondent agreed that the petitioner's deficiency decree should be $32,066.03. Although the petition filed herein prays that the respondent as receiver of the insolvent corporation be ordered to pay over to the petitioner the sum of $2,500 rents collected by him as such receiver up to and including the month of December, 1932, petitioner's solicitors since the argument of the matter sub judice have conceded that the petitioner is not entitled to said sum, but *Page 554 
they urge that petitioner is entitled to receive from the respondent as such receiver the sum of $1,000, representing rents for the months of November and December, 1932, or, at least, the sum of $500 for the December rent. The claim of the petitioner is untenable. It has been repeatedly held that a receiver appointed in a mortgage foreclosure suit for the collection of rents of mortgaged premises pendente lite is entitled to rents that accrue from and after the date of his appointment, and that rents accruing before such appointment, or before the mortgagee takes possession of the premises for default, belong to the mortgagor; also that a receiver of an insolvent corporation is entitled to rents of the corporation's mortgaged premises and holds the same as unencumbered assets until the mortgagee obtains an order in a mortgage foreclosure suit for the appointment of a receiver to collect the rents of the mortgaged premises pendente lite.Stewart v. Fairchild-Baldwin Co., 91 N.J. Eq. 86; Myers v.Brown, 92 N.J. Eq. 348; affirmed, 93 N.J. Eq. 196; Henn v.Hendricks, 104 N.J. Eq. 166; New Order, c., Association v.222 Chancellor Avenue, 106 N.J. Eq. 1; Paramount Building andLoan Association v. Sacks, 107 N.J. Eq. 328; Stanton v.Metropolitan Lumber Co., Ibid. 345. The cases of Bindseil v.Liberty Trust Co. (United States Circuit Court of Appeals,Third Circuit), 248 Fed. Rep. 112; Provident Mutual LifeInsurance Co. v. Marvel, 111 N.J. Eq. 2, and In re Wakey
(United States Circuit Court of Appeals, Seventh District),50 Fed. Rep. 2d 869; 75 A.L.R. 1521, cited and relied upon by the petitioner, are not applicable to the matter sub judice in view of the well established rule of law in this state mentioned hereinabove. The cases thus cited in behalf of the petitioner relate to bankruptcy proceedings. An annotation following the decision in In re Wakey, reported in 75 A.L.R. (at p.1526), says: "A conflict exists on the question here considered. By the weight of authority it is held that the mortgagor is entitled to rents and profits accruing up to the time the mortgagee enters, or brings a bill to foreclose or enter, and that this right inheres in the mortgagor's trustee in bankruptcy, and that the latter, up to the time *Page 555 
the mortgagee takes action, takes the rents and profits for the benefit of the bankrupt's creditors."
I will advise an order denying the relief sought by the petitioner herein, discharging the order to show cause, and dismissing the petition.