# PROVIDENCE AND STONINGTON STEAMSHIP COMPANY *v.* CLARE'S ADMINISTRATRIX.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 265. Argued April 26, 1888. — Decided May 14, 1888.

In this case, which was an action for damages for a death caused, in a collision, by the alleged negligence of the owner of a vessel on which, it was claimed the deceased was a passenger, the judgment below is reversed for error in refusing to direct a verdict for the defendant on the ground that there was no evidence that the deceased lost his life by reason of the collision, or by the negligence of the defendant, and in refusing to grant the request of the defendant to go to the jury on the question whether the deceased lost his life by reason of the collision.

THIS was an action to recover damages for injuries resulting to the widow and children of Charles C. Clare by reason of

his death, alleged to have been caused by the negligence of the steamship company as common carriers, while he was a passenger on one of their steamers. Verdict for plaintiff and judgment on the verdict. Defendant sued out this writ of error. The case is stated in the opinion.

*Mr. Wheeler H. Peckham* for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, brought in the Supreme Court of the State of New York, by Almira R. Clare, as administratrix of the estate of Charles C. Clare, deceased, against the Providence and Stonington Steamship Company, a Rhode Island corporation, to recover the sum of $5000, with interest from June 11, 1880, as statutory damages, for the death of Charles C. Clare. The plaintiff is his widow, and he left four minor children, his heirs at law and next of kin.

The complaint alleges that the defendant was the owner of two steamboats, the Narragansett and the Stonington, running between Stonington, Connecticut, and New York City; that, on or about the 11th of June, 1880, the defendant received Clare on the Narragansett for the purpose of conveying him therein as a passenger from New York City to Stonington, for a reasonable compensation paid to it by Clare; that the Narragansett, under the management and direction of the defendant, having Clare on board as a passenger, and proceeding through the waters of Long Island Sound, met the Stonington proceeding on her way to New York City; that, by the negligence of the defendant, the two vessels came into collision, whereby the Narragansett was so injured that fire immediately broke out on her, and she sank within a few moments, and Clare, without any neglect on his part, was drowned; that the collision occurred either in the State of New York or in the State of Connecticut; that § 9, of c. 6, title 19, of the Laws of 1875 of the State of Connecticut, provides that all damages resulting in death, recovered in an

action brought by an executor or administrator, shall inure to the benefit of the husband or widow and heirs of the deceased person; and that § 1, c. 78, of the Laws of 1877 of the State of Connecticut, provides that, in all actions by an executor or administrator, for injuries resulting in death from negligence, such executor or administrator may recover from the party legally in fault for such injuries just damages, not exceeding $5000, to be distributed as provided in § 9 of c. 6, title 19, of the Laws of 1875,. but such action must be brought within one year from the neglect complained of. This suit was brought within the year.

By the Code of Civil Procedure of the State of New York, § 1902, it is provided as follows: " The executor or administrator of a decedent, who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued." It is provided by § 1904, that in the case of a trial by jury, " the damages awarded to the plaintiff may be such a sum, not exceeding five thousand dollars, as the jury . . . deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons for whose benefit the action is brought;" and that, " when final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded, interest thereupon from the decedent's death, and include it in the judgment."

The action was removed by the defendant into the Circuit Court of the United States for the Southern District of New York, on the ground that the plaintiff was a citizen of New Jersey and the defendant a citizen of Rhode Island. The answer, put in in the Circuit Court, contains a denial in the prescribed form, covering the allegation of the complaint that the defendant received Clare on the Narragansett for the purpose of conveying him therein as a passenger from New York City to Stonington, for a reasonable compensation paid to it by Clare. It also denies the negligence alleged, and

·denies all liability to the plaintiff. It also sets up, that it had, by proper proceedings in the District Court of the United States for the Southern District of New York, taken the benefit of the statute of the United States for the limitation of the liability of ship-owners, in respect to the Narragansett, by a transfer of its interest in her to a trustee appointed by that court.

At the trial, before a jury, a verdict was, by direction of the court, rendered for the sum of $5000, on the 20th of April, 1885; the interest was, under the statute of New York, computed by the clerk at the sum of $1522.50; the plaintiff's costs were taxed at $78.25; and a judgment was rendered for the plaintiff for the damages, interest, and costs, amounting in all to $6600.75.

At the trial, the plaintiff called as witnesses the master of the Narragansett, and the pilot and the engineer of the Stonington, for the purpose of showing negligence on the part of the Stonington. The plaintiff also called as a witness one Fisher, who testified as follows: "In June, 1880, I resided in Jersey City. I knew Charles C. Clare; he was a friend of mine. On the Sunday following the 11th of June, 1880, I went to Stonington and found the body of Charles C. Clare, and brought the same to Jersey City for burial. What first led me to go to Stonington was newspaper reports, and then information coming to me, that Mr. Clare had lost his life by this accident. I found his body in the lower part of a furniture establishment, which was being temporarily used as a morgue." The defendant then called as a witness a steamboat captain, and examined him on the general question as to whether the Stonington, at the speed at which she was running, was going at a moderate speed in a fog, under the requirement of Rule 21 of § 4233 of the Revised Statutes, which provides that "every steam-vessel shall, when in a fog, go at a moderate speed." The defendant also called as a witness the bow watchman of the Stonington. After both sides had rested, the plaintiff moved for a direction to the jury to find a verdict for the plaintiff for $5000. The defendant then moved that the court direct the jury to find a verdict for the defend-

ant, because there was no evidence that the intestate went on or in the Narragansett, the evidence being that he was ·dead, but there being no evidence as to how he died. The court then suggested to the counsel for the plaintiff that he had better prove, if he could, that the deceased was on the Narragansett. The plaintiff was then sworn as a witness, and testified that, on the afternoon of June 11, 1880, she crossed over, with her son Charles, by a ferry-boat, to New York, to take him to his father, and left him with his father on the New York side of the ferry-bridge, and did not herself go ·outside of the ferry or to the Narragansett. The plaintiff then called the son Charles as a witness, who testified that, on that afternoon, he went with his father on board of the Narragansett, and went out on her, and was on her at the time of the collision; that his father was with him shortly before the collision; and that he did not see ·his father after the collision. The defendant then asked the court to direct the jury to find a verdict for the defendant, on the ground that there was no evidence in the case that the father and son went as passengers on the boat, or that they had bought a ticket, or that they had any room, or that there was any contract made between the parties; that there was no evidence that the intestate lost his life in consequence of the accident; that he was seen dead in Stonington; but that there was no evidence that any life was lost on the Narragansett, or that anything happened to the intestate. The court remarked that it thought that the evidence then in, in the case, was sufficient, and that it must deny the defendant's motion and grant the plaintiff's motion. The defendant then asked the court to direct a verdict for the defendant, on the ground that there was no evidence that the intestate lost his life by reason of the collision, or by the negligence of the defendant. The court denied the motion, and the defendant excepted. The defendant conceded that, if the plaintiff could recover at all, the damages were $5000. The defendant then asked to go to the jury on the questions (1) whether the plaintiff's intestate had lost his life by reason of the collision of the two vessels; and (2) whether the defendant or its servants had been guilty of any negligence in the navigation of the

Stonington, contributing to the collision. The court denied each of these requests, and to each denial the defendant excepted. The jury then returned a verdict for the plaintiff, by direction of the court, for $5000. The defendant has brought a writ of error to review the judgment.

There has been no appearance or argument or brief in this court for the defendant in error, but the case has been orally argued and a brief submitted for the plaintiff in error. A citation was issued and duly served on the attorney for the plaintiff.

We think that the court erred at the trial, in refusing to grant the motion to direct a verdict for the defendant on the ground that there was no evidence that the plaintiff's intestate lost his life by reason of the collision or by the negligence of the defendant, and in refusing to grant the request of the defendant to go to the jury on the question whether the plaintiff's intestate had lost his life by reason of the collision. The only evidence of the death of the intestate was that of the witness Fisher, who testified that he saw the dead body of the intestate in Stonington, on the Sunday following the 11th of June, 1880, which was the 13th of June, 1880. There is no evidence to sustain the allegation of the complaint that the intestate was drowned as a consequence of the collision, or as to what caused his death, or as to how his body came to be found in Stonington. The question as to whether the intestate lost his life in consequence of the collision was, at least, one for the jury, and the evidence was not sufficient to warrant the direction of a verdict for the plaintiff on that point.

We express no opinion on the question of negligence in the navigation of the Stonington, contributing to the collision, or on the question of her rate of speed in the fog. Different testimony on these questions may be given on a new trial, from that which was given on the trial now under review. Nor do we express any opinion on the question of the sufficiency of the evidence to show, as alleged in the complaint, that the intestate was a passenger on the Narragansett, for a reasonable compensation paid by him to the defendant.

*The judgment of the Circuit Court is reversed, and the case is remanded to that court with a direction to award a new trial.*