STATE BANK v. COHEN et al.

(Supreme Court, Special Term, New York County. June 23, 1910.)

MORTGAGES (§ 473*)—RENTS—RIGHTS OF MORTGAGEES..

Under a provision in a first mortgage authorizing the mortgagee to take possession on default and to apply the rents, less necessary charges and expenses, to the debt, the mortgagee is entitled to rents in the hands of a receiver appointed on foreclosure by a junior mortgagee, after deducting the receivership expense.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 473.*]

Action by the State Bank against Jacob Cohen and another. Motion by American Woolen Company for an order requiring the receiver to pay over certain funds. Motion granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hays, Herschfield & Wolf (Daniel P. Hays, of counsel), for the motion.

Walter T. Kohn, opposed.

GIEGERICH, J. The plaintiff is the holder of a fifth mortgage upon the premises in question, and the present action, which was brought to foreclose that mortgage, resulted in a judgment of foreclosure and sale, and the property was subsequently sold for a price which left a deficiency of over $9,000, and a deficiency judgment was entered accordingly. A receiver of the rents had been appointed, on the plaintiff's application, in September, 1909, and he has collected and now has in his hands a sum in excess of $5,700. This application is made by the American Woolen Company, the holder of a first mortgage on the premises, for an order requiring the receiver to pay over this fund to that company.

The American Woolen Company was not made a party to this action, and it has commenced an action to foreclose the first mortgage, which it holds. On March 30th last it made a demand upon the receiver to pay over the rents to it, but it has made no application for the appointment of a receiver in its own action nor for the extension of the receivership to cover its interest. It bases its demand upon a provision in the mortgage which it holds, which reads as follows:

"That if default shall be made in the payment of the principal sum mentioned in the condition of the said bond, or of the interest which shall accrue thereon, or of any part of either, at the respective times therein specified for the payment thereof, the said mortgagee shall have the right forthwith, after any such default, to enter upon and take possession of the said mortgaged premises, and to let the said premises and receive the rents, issues, and profits thereof, and to apply the same, after payment of all necessary charges and expenses, on account of the amount hereby secured, and said rents and profits are, in the event of any such default, hereby assigned to the mortgagee."

The mortgagor defaulted in the payment of an installment of the principal debt on February 1, 1909, and the Woolen Company claims that by virtue of the assignment contained in the mortgage it became the owner of all rents and profits thereafter accruing, and that it is consequently the owner of the fund now in the hands of the receiver. The Woolen Company ought not to derive any advantage from the diligence of the plaintiff, except such as must necessarily result to it from an enforcement of its strict legal rights; but I cannot see any escape from the proposition that these rents, under the assignment in the mortgage belonged to the Woolen Company, and as they are still in custodia legis, and have not been paid over to any third person taking in ignorance of the Woolen Company's title under the assignment, I think, the assignment must be given effect.

A very similar situation arose in the case of Harris v. Taylor, 35 App. Div. 462, 54 N. Y. Supp. 864, and the rents were ordered to be paid over to the assignee. There the assignment was absolute, and was contained in a separate written instrument. Here the assignment was conditional, and was included in the mortgage. But the distinction is immaterial. In Thomson v. Erskine, 36 Misc. Rep. 202, 73 N. Y. Supp. 166, the Appellate Term held that an assignment of

rents, to become operative in case the mortgagor should default in payment of principal or interest, was valid, and that the mortgagee, to whom such an assignment had been made in the bond, was entitled after such default to recover from the tenants of the premises the rents accruing subsequently to the default and notice to the tenant of the assignment.

The motion should be granted, but the expenses of the receivership should be deducted from the fund in the hands of the receiver, and only the balance paid over.  No costs.  Settle order on notice.