The receiver, in insolvency, has on hand, after deducting administration expenses, approximately $50,000, rents from real estate. The Bank of United States held a mortgage on the real estate, made by the defendant corporation, now foreclosed, upon which there remains a deficiency of $93,000 plus. It claims the rents in virtue of its mortgage and also under an assignment of the rents incorporated in the mortgage, which reads:
"[The mortgagor] agrees that if default be made, as aforesaid, the mortgagee, its successors and assigns, shall have the right forthwith, after any such default, to enter upon said premises and take possession of the said mortgaged premises, and to let the said premises, and receive the rents, issues and profits thereof, and to apply the same, after payment of all necessary charges and expenses, on account of the amount that shall be due to the mortgagee herein, and said rents and profits are, in theevent of any such default, hereby assigned to the mortgagee, itssuccessors and assigns, and the mortgagee, its successors and assign, shall also be at liberty immediately after any such default, upon proceedings being commenced for the foreclosure of this mortgage, to apply for the appointment of a receiver of the rents and profits of said premises, and be entitled to *Page 347 
the appointment of such receiver as a matter of right, as security for the amount due the mortgagee, its successors and assigns, without consideration of the value of the mortgaged premises or solvency of any person or persons liable for the payment of such amounts."
The mortgage bears date June 1st, 1926, payable June 1st, 1927, when there was default. The rents collected accrued between the receiver's appointment and the foreclosure.
The mortgage, without more, does not carry the rents. Leeds
v. Gifford, 41 N.J. Eq. 464. A mortgagee is not entitled to rents of mortgaged premises, accruing after default, unless and until he takes possession, personally or by a receiver duly appointed for that purpose.
A receiver of an insolvent corporation is entitled to rents of the corporation's mortgaged premises, and he holds them as unencumbered assets unless and until the mortgagee moves for possession or its equivalent, a receiver to collect the rents.Henn v. Hendricks, 104 N.J. Eq. 166.
A mortgagee does not acquire an equity in the rents simply because the mortgaged property is taken into custody by the court. Property of a corporation in the possession of a receiver, in insolvency, is held in custodia legis, cum onere, for the benefit of all legal claimants. A mortgagee of corporate real estate, after default, does not, as to after accruing rents, come within the category, for while he has the right to possession (Stewart v. Fairchild-Baldwin Co., 91 N.J. Eq. 86) he has not the right of enjoyment of the rents until he exercises his right of possession.
The cases cited by the mortgagee, apparently holding the opposite view, In re Industrial Cold Storage and Ice Co.,163 Fed. Rep. 390, and In re Torchia, 188 Fed. Rep. 207, turned on the legal effect of Pennsylvania mortgages; and In re Dooner Smith Co., 243 Fed. Rep. 984, the federal court in this jurisdiction felt constrained to apply the Pennsylvania rule to a New Jersey mortgage in the absence of an adjudication to the contrary in this state.
Although it is held that the bank is not entitled to the rents as mortgagee, they, however, belong to it under the *Page 348 
assignment contained in the mortgage. The assignment of them was additional security and independent of the mortgage security. The assignment, though conditional, became absolute upon default of the mortgage debt, and was valid and enforceable against the assignor; and the receiver has no advantage. As the rents accrued, after the default, the ownership was in the assignee; the title was never in the receiver and he having collected them, is accountable. State Bank v. Cohen, 123 N.Y. Supp. 747;Thomson v. Erskine, 73 N.Y. Supp. 166; In re Jarmulowsky,224 Fed. Rep. 141.
The assignment is not, as contended, an assignment of rents as may accrue after the mortgagee should enter into possession, and conditional upon its entering into possession or upon the appointment of a receiver. The provisions of the mortgage above quoted grants the right to take possession upon default; in addition the rents are assigned upon default; and upon foreclosure the mortgagee may have a receiver as of right, regardless of the usual requirements of insufficiency of the mortgage security. The assignment of the rents is distinct and independent of the means granted the mortgagee to collect them. The title to them was to pass to the mortgagee upon default whether the procedure was or was not adopted — not that it was to pass only if it was set in motion.
Nor is the right to the rents under an assignment to be confused with the right of recovery under a pledge of the rents as in Freedman's Savings, c., Co. v. Shepherd, 127 U.S. 48,
where Mr. Justice Harlan observed that "even if the deed had expressly pledged the income as security for the debts named, the mortgagor, according to the doctrines of the cases cited, would not have been entitled to the income until, at least, possession was demanded under the deed; or until his possession was disturbed by a sale under the deed of trust, or, in advance of a sale, by having a receiver appointed for the benefit of the mortgagee." That case dealt with a pledge of the rents which has to be foreclosed to be executed, whereas an assignment
passes the title to the assignee, and the rents are directly recoverable from the debtor. *Page 349 
(2) The United States claim a lien on the rents for income taxes levied against the defendant corporation for the years 1919, 1921 and 1922, amounting to $137,000 plus, and asserts priority over the mortgage of the Bank of United States. Assuming, without deciding, that the government levied the tax property and that it has a lien by virtue of section A of the Revised Statute 3186 United States Code, title 26, section 115, there is no proof in the cause that notice of such lien was filed by the collector with the clerk of the district court for this district as required by subdivision 2 of the section in order to make the lien valid as against mortgagees. Further, more than five years have elapsed since the return of the tax and it is outlawed. Section 250 (d) Revenue act of 1921. Comp. Stat. §6336 1/8 t.t. (d).
(3) The defendant corporation contracted to sell to the Formans one of the tracts of the mortgaged premises, from which a major portion of the rents was derived. The receiver was ordered to perform the contract, but was unable to give title because the encumbrances exceeded the contract price. The Formans seek the down money, $10,000, out of the rents. Their claim is subordinate to the assignment of the Bank of United States. Were the rents the property of the receiver, for distribution among common creditors, the claim would be worthy of serious consideration. The theory upon which it rests is that the receiver held the property and hereditaments as trustee for the purchasers under the doctrine of equitable conversion, that the purchaser becomes the equitable owner of the land, and the vendor of the purchase-money. Haughwout v. Murphy, 22 N.J. Eq. 531;Grunauer v. Westchester Fire Insurance Co., 72 N.J. Law 289. A discussion of this interesting point would be entirely academic, since the assignment of the Bank of United States exhausts the fund.
(4) The receiver of the El Food Company recovered a judgment and levied on the mortgaged premises. The execution was stayed in order to more advantageously offer the group of properties of the corporation for sale at public auction under the direction of the court, and thus prevent *Page 350 
a sacrifice. The properties were subject to individual mortgages and a blanket mortgage held by the Bank of United States, all under foreclosure. By theoretically allocating the debt of the blanket mortgage among the various tracts, for the purpose of sale, it was thought that each would produce a substantial surplus. Instead, due to the slump in the real estate market, a deficiency resulted. The argument now advanced by the judgment creditor is that inasmuch as the court stayed him from selling and prevented him from purchasing the lands and taking the rents, equitably he is entitled to be reimbursed for his loss. If there be merit in the proposition, which is not conceded, a discussion would be of no practical value because the assignment of the Bank of United States is prior in point of time. However, just these observations: although equity will give a substituted remedy to enforce a right existing when it intervenes, it will not create a substituted right — in this case, a lien upon the rents. And further, it is presently not perceived that the judgment creditor has suffered injury. A sale and purchase would not have brought him the rents, for, in that event, in all probability, the foreclosing mortgagees would have sought them by a receiver.
The fund will be ordered paid to the Bank of United States. *Page 351