Complainants move that defendants be enjoined from collecting the rents of the mortgaged premises and from interfering with complainants' collection thereof, and that the tenants be restrained from paying the rents to anyone except complainants and that the tenants be ordered to pay their rents to complainants pending the suit. Complainants hold two mortgages, each encumbering a twenty-one family apartment house. Each mortgage contains this provision —
"That in the event of any default in any covenant in said bond contained, said mortgagee may enter, take possession of the mortgaged premises and collect the rentals therefrom, which said rentals are in the event of any such default hereby assigned to the mortgagee."
Default has been made in covenants for the payment of the mortgage debts, the interest thereon and taxes on the mortgaged premises. The mortgagor remains in possession and collects the rents as they accrue.
An assignment of rent enables the assignee to maintain an action in his own name for the rent against the tenant, even though the reversion is not transferred and the tenant does not attorn. Ryerson v. Quackenbush, 26 N.J. Law 236 Woolsey v.Abbett, 65 N.J. Law 253, is an example of a suit by an assignee against the tenant for rent. Vice-Chancellor Backes in Stanton
v. Metropolitan Lumber Co., 107 N.J. Eq. 345, dealt with a controversy over rents between a mortgagee and the receiver in insolvency of the mortgagor. The mortgage *Page 414 
contained an assignment of the rents similar to that above quoted. The vice-chancellor held that the assignment was independent of the mortgage security; that upon default it became absolute and enforceable against the assignor; that it was not conditional upon the assignee entering into possession or upon the appointment of a receiver in foreclosure. He distinguished between the right to the rents under an assignment and the right which arises under a pledge of rents, and he concluded that the receiver must account to the mortgagee for the rents which the receiver had collected. Vice-Chancellor Berry in ParamountBuilding and Loan Association v. Sacks, 107 N.J. Eq. 328, also distinguished between an assignment and a pledge of rents, and held that the holder of a first mortgage which contained an assignment of rents was entitled thereto, in preference to a subsequent mortgagee who not only had an assignment but was in possession.
By reason of the defaults in the conditions of the bonds, the assignments of the rents have become absolute and entitle complainants to the rents as against defendants, namely the mortgagor and subsequent lienors. Should complainants have the aid of this court in the collection of their rents? I think so. There are about forty tenants in the two apartment houses; if they remain in doubt as to the person entitled to the rents, complainants will be put to the necessity of suing each tenant and will likely be met in many of the suits by bills of interpleader. This court will act to prevent a multiplicity of suits and circuity of action. Feigenspan v. Nizolek, 71 N.J. Eq. 382; Bryan v. Bryan, 61 N.J. Eq. 45. Pendente lite,
defendants will be restrained from collecting the rents and from interfering with the collection thereof by complainants, and the tenants will be restrained from paying rent to any of the parties other than complainants. Complainants ask me to go one step further and to advise an order directing the tenants to pay their rents to complainants. This relief they cannot have since the question whether any rent is due and how much must be determined in an action between complainants as assignees and the tenant. *Page 415