## COLLINS v. TWEEDALE et al.
### No. 5450.

Circuit Court of Appeals, Third Circuit.
Feb. 26, 1935.

Thomas R. Clevenger and Wm. M. Clevenger, both of Atlantic City, N. J., for appellant.

Harry Miller and G. Arthur Bolte, both of Atlantic City, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court dismissing the bill of complaint in which it was sought to impress a vendor's lien upon certain real estate described therein.

The allegations in the bill tend to show that on September 5, 1925, Kate B. Collins and Hugh Collins, her husband, sold a certain piece of real estate to Everett E. Marshall and Raymond A. Van Hook, who, with their wives joining, executed a bond for $27,000 which was secured by a purchase-money mortgage on the real estate to Hugh Collins as part consideration for the property. On May 28, 1929, Hugh Collins assigned the bond and mortgage to his wife, the complainant.

On July 1, 1931, she assigned the bond and mortgage to the Pleasantville National Bank, hereinafter called the bank, for the sum of $12,000 (though the amount including principal and interest then due on the mortgage was $17,612), which was to be paid as follows: $2,000 in cash on the execution and delivery of the assignment of the bond and mortgage on July 1, 1931, and five certificates of deposit, each for $2,000, and payable, one on July 1, 1932, one on July 1, 1933, one on July 1, 1934, one on July 1, 1935, and the final one on July 1, 1936. Before July 1, 1932, when the first certificate became due, the bank purchased on its own foreclosure sale because of default of the mortgagors the real estate covered by the mortgage.

On July 1, 1932, the bank paid the first certificate of $2,000, but before the next certificate became due on July 1, 1933, it became insolvent and the appellee, Alonzo Tweedale, was appointed receiver for it, and, as such, he still has title to the real estate.

Kate B. Collins filed with the receiver a claim for $8,000, representing the four unpaid certificates, due her from the bank and received a dividend of $400 on account thereof.

By her bill of complaint, as above stated, she seeks to impress a vendor's lien upon the real estate in question. On motion of the appellees, the court dismissed the bill on the ground that the mortgage was personal property to which the vendor's lien did not attach.

The complainant, however, contends that the mortgage constitutes an interest in land and its assignment was a conveyance of real estate.

Two questions arise out of the facts of this case:

(1) Did the mortgage constitute an interest in the real estate or did it remain personalty?

(2) Assuming that it constituted an interest in real estate, was the right to a vendor's lien waived or lost by the agreement for the sale of the mortgage?

■ 1. At common law a mortgage on real estate created an immediate estate in fee simple in the mortgagee, subject, however, to be defeated by the payment of the mortgage money on the day named in the condition. The mortgagee might enter immediately upon the mortgaged premises and hold them until the condition was performed.

But in New Jersey whose law controls this case, the mortgagor may retain possession until the condition is broken by default in the payment of the mortgage money. Shields v. Lozear, 34 N. J. Law, 496, 3 Am. St. Rep. 256. While a mortgage is held to be a conveyance of an estate in the mortgaged premises, Colton v. Depew, 60 N. J. Eq. 454, 46 A. 728, 83 Am. St. Rep. 650, the courts have defined the character of that estate to be security only for the debt. Devlin v. Collier, 53 N. J. Law, 422, 22 A. 201. That the owner of a mortgage on real estate does not have an interest in the land, except such as is necessary for the realization of the debt due him, is evident from the facts that, if the mortgagee upon default enters upon the property and holds it, he is obliged to account to the mortgagor as owner for the rents and profits thereof; if the debt secured by the mortgage is paid, the connection of the mortgagee with the land ceases without the necessity of a reconveyance; and if he dies intestate before the debt is paid, the mortgage passes to his legal representatives as personalty while the interest of the mortgagor who dies intestate descends to his heirs as real estate. The interest of the mortgagor in the mortgaged premises carries with it the incidents of real property while that of the mortgagee is devoid of almost all of such incidents. The mortgage is a mere pledge for the payment of the debt with power to gain possession of the land in order to collect the debt on the breach of the condition in the mortgage. Woodside v. Adams, 40 N. J. Law, 417; Devlin v. Collier, 53 N. J. Law, 422, 22 A. 201; Wade v. Miller, 32 N. J. Law, 296; Blue v. Everett, 56 N. J. Eq. 455, 39 A. 765; Stewart v. Fairchild-Baldwin Co., 91 N. J. Eq. 86, 108 A. 301; Stanton v. Metropolitan Lumber Co., 107 N. J. Eq. 345, 152 A. 653.

■ 2. Assuming, however, that the mortgagee in the instant case had an estate in the land covered by the mortgage, it is evident that she intended by the sale and assignment to convey, and did convey, to the bank all her right, title, and interest in and to the mortgage and the premises which it covered. She agreed that for the sum of $12,000 she would "well and sufficiently sell and assign to the said party of the second part, its successors and assigns," the mortgage in question. This agreement she carried out in the assignment.

The assignment was delivered and the $2,000 was paid. There was no reservation therein of a lien or anything indicating that

she thought she had any further interest in the premises. Thereafter, she relied entirely upon the promise of the bank to pay her. The agreement of sale provided that the bank would "pay and satisfy or cause to be paid and satisfied unto the said party of the first part, the said sum of Twelve thousand ($12,000) Dollars as and for the purchase money for the said Assignment of Mortgage." The lien which she as mortgagee had, and the right which she had to foreclose the mortgage and realize on the pledge, was lost when she substituted the promise of the bank contained in the agreement for the mortgage. Welch v. Farmers' Loan & Trust Company (C. C. A.) 165 F. 561–565, 566; Brinkerhoff v. Vansciven et al., 4 N. J. Eq. 251; Knickerbocker Trust Company v. Carteret Steel Co., 79 N. J. Eq. 501, 82 A. 146. This she knew and intended, for she filed her claim for the balance of the $8,000 due her as a general creditor with the receiver of the bank and her pro rata dividend of $400 was paid to her just as was paid to other unsecured creditors.

It follows that the decree dismissing the bill of complaint must be affirmed.