290 N.J. Super. 564 (1996)
676 A.2d 552
INTERNATIONAL BUSINESS MACHINES CORPORATION, PLAINTIFF,
v.
DONALD E. AXINN, DEFENDANT-APPELLANT, AND MUTUAL BENEFIT LIFE INSURANCE COMPANY IN REHABILITATION, SUCCESSOR TO THE MUTUAL BENEFIT LIFE INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1996.
Decided April 4, 1996.
*565 Before Judges PRESSLER, KEEFE and A.A. RODRIGUEZ.
Edward M. Teitelbaum argued the cause for appellant (Teitelbaum & Caccavale, attorneys; Mr. Teitelbaum, on the brief).
Sidney J. Bernstein argued the cause for respondent (Cole, Schotz, Meisel, Forman & Leonard, attorneys; Mr. Bernstein, on the brief).
PER CURIAM.
Plaintiff International Business Machines Corporation (IBM) leased commercial premises from their owner, defendant Donald E. Axinn. Defendant Mutual Benefit Life Insurance Company in Rehabilitation (Mutual Benefit) held the first mortgage on the premises. Axinn defaulted in making the required mortgage payments, and both Axinn and Mutual Benefit demanded that IBM's rent be paid to it. IBM accordingly commenced this action *566 by way of interpleader, seeking as well a determination that by reason of Mutual Benefit's late and misdirected demand upon it, it had incurred no liability to Mutual Benefit by having paid the December 1993 rent to Axinn. As finally postured, the only real disputants in the controversy are Mutual Benefit and Axinn, and the only issue between them is which of them is entitled to the benefit of IBM's rent payments for October, November and December 1993, which Axinn had received. Axinn appeals from a summary judgment in Mutual Benefit's favor adjudicating its right to recover from him those three months' rent. We agree with the trial judge that Axinn is liable to Mutual Benefit for the November and December rent. We conclude, however, that he is not liable to Mutual Benefit for the October rent. Accordingly, we modify the judgment appealed from.
The parties agree and we concur that the material facts are not in dispute and that summary judgment is appropriate. In sum, in October 1983 Axinn borrowed $12,000,000 from Mutual Benefit evidenced by a non-recourse promissory note and secured by a first mortgage on the subject premises, an office building in Montvale, New Jersey. The financing arrangement between the parties provided for a balloon payment of principal on November 1, 1993. In December 1983, Axinn entered into a lease with IBM for the mortgaged premises, and, as additional security for the loan, he assigned the lease to Mutual Benefit. Mutual Benefit and IBM also entered into a subordination, attornment and non-disturbance agreement.
Negotiations between Axinn and Mutual Benefit conducted prior to November 1, 1993, for refinancing of the loan were unsuccessful. Claiming that Mutual Benefit was not negotiating in good faith, Axinn declined to make the mortgage payment due October 1 of that year and indeed made no further payments on the mortgage to Mutual Benefit.[1] In the meantime, IBM continued to *567 pay its monthly rent of $228,236.98 to Axinn. As was its custom, its rent checks for October, November and December 1993 were mailed to Axinn and received by him on or before the first of the month in which each was due. According to the record, Mutual Benefit made its first demand upon IBM under the subordination agreement by letter dated November 8, 1993, by which time it had already sent its October and November rent checks to Axinn. By the time the November 8, 1993, letter reached it and was reviewed by counsel, it had already paid Axinn the December rent.
In asserting its right to the rent for the three months in question, Mutual Benefit relies on the following provisions of the assignment of lease executed by Axinn:
The assignor, in the event of default in the performance of any of the terms and conditions of said bond or note and mortgage or deed of trust, hereby authorizes the assignee, at its option, to enter and take possession of the mortgaged premises, to collect the rents, income and profits under said lease(s), to exercise all the rights and privileges of the assignor thereunder, and, until foreclosure of said mortgage or deed of trust, to apply the net rentals, after payment of all proper costs and charges, to the sums due to said assignee under the terms and conditions of said bond or note and mortgage or deed of trust in such manner as said assignee, in its sole discretion, may determine. Such entry and taking possession of the mortgaged premises may be made by actual entry and possession or by written notice served personally upon, or sent by registered mail to, the last owner of the mortgaged premises appearing on the records of the assignee, as the assignee may elect, and no further authorization shall be required. If the assignee shall exercise such option and the assignor shall thereafter remedy any such default, of which fact the judgment of the assignee shall be conclusive, the assignor and assignee shall be restored to their respective rights and estates as if no default had occurred. Said option may be exercised by said assignee as often as any such default occurs, and a failure to exercise said option shall not impair the rights of the assignee hereunder. Upon payment in full of the indebtedness secured hereby, as evidenced by the public records, this assignment shall be void and of no effect.
The assignor irrevocably consents that the lessee(s), upon demand and notice from said assignee of assignor's default under said bond or note and mortgage or deed of trust, shall pay said rents, income and profits under said lease(s) to said assignee without liability to said lessee(s) for the determination of the existence of any default claimed by said assignee.
Mutual Benefit claims that Axinn's default, which was never cured, occurred on October 1, 1993, the due date of the unpaid October mortgage payment. The trial judge agreed.
*568 On appeal, Axinn argues first that irrespective of any right Mutual Benefit may have to the November and December rents, it is nevertheless not entitled to the October rent because the default did not occur until October 11, 1993, at which time the October rent had already been received. With respect to all three months, Axinn argues that Mutual Benefit was not entitled to the rents because it had failed to take possession of the premises. He also argues that a judgment against him for the amount of the rent for any of those three months would violate the non-recourse provision of the promissory note.
We are satisfied that the last two of these issues are entirely without merit. R. 2:11-3(e)(1)(E). We think it perfectly plain that the assignee's remedies set forth in the above-quoted provision are alternative. The right to receive the rents upon default is entirely independent of and in addition to the option of taking possession. Our courts have long since so recognized in construing contract language similar to that here. See, e.g., Stanton v. Metropolitan Lumber Co., 107 N.J. Eq. 345, 347-348, 152 A. 653 (Ch. 1930); Paramount B. & L. Ass'n v. Sacks, 107 N.J. Eq. 328, 332, 152 A. 457 (Ch. 1930). See also In re Jason Realty, L.P., 59 F.3d 423, 430, n. 3 (3d Cir.1995), recognizing the so-called New Jersey rule pursuant to which a mortgagee with an assignment of rents is entitled to enforce the assignment and collect the rents without either taking possession of the property or seeking appointment of a receiver.
We also think it plain that entry of judgment against Axinn for rents collected by him but to which Mutual Benefit was entitled does not constitute a deficiency judgment in violation of the non-recourse provision of the promissory note. The basis of the judgment is, simply, not a deficiency within contemplation of the mortgage instruments. It has nothing at all to do with the amount of the loan as offset by the fair market value. The basis of the judgment is, rather, the wrongful reception and retention of rents that under the terms of the assignment, belonged to the assignee.
*569 We do, however, find merit in Axinn's contention that its receipt of IBM's October rent, due on October 1 and paid by IBM at the end of September was not subject to recoupment by Mutual Benefit. The assignment authorizes Mutual Benefit to collect the rents "on the event of default" by Axinn in the performance of any of the terms and conditions of the note and mortgage. Obviously, Mutual Benefit has no right to the rents until the default has occurred. If Axinn's default had occurred on October 1, the same day as the rent was due, there might still have been an ambiguity as to whether the default preceded the rent-payment obligation thereby entitling Mutual Benefit to the rent. But we need not address that problem since we agree with Axinn that there was no actionable default until October 11. That is so because the mortgage documents effectively afforded the mortgagor a ten-day grace period starting on the first of the month. The mortgagor had a perfectly reasonable understanding and expectation that serious consequences of default could not take place during this period. Thus, the note provided for imposition of a late charge only after the ten-day period and permitted acceleration of the outstanding balance only after the ten-day period. The mortgage instrument as well affords the mortgagee the right to accelerate, proceed to foreclosure or to exercise any right granted by the note, mortgage or assignment, only after the ten-day period has run. Collection of rents as provided for in the assignment patently is one of the rights subject to the ten-day grace period.
We recognize the distinction Mutual Benefit attempts to draw between a default and an event of default. We find that distinction to be inapposite here. In short, the assignment permits collection of rents upon default, but the mortgage permits exercise of the rights afforded the mortgagee by the assignment only after the ten-day period had run. Mutual Benefit had no right to collect IBM's rent until October 11, 1993. It was entitled to the next rental payment thereafter due, but not the rental payment already made. Accordingly, we remand for modification of the summary judgment to eliminate one month's rent from the remedy afforded Mutual Benefit.
*570 We remand for modification of the judgment consistent with this opinion. In all other respects, the judgment is affirmed.
NOTES
[1] We are advised that Mutual Benefit ultimately foreclosed on the mortgage and that thereafter Axinn reacquired title.